THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. TUTTLE KEN-
FIELD, Overseer of the Poor of the Town of Naples, Respondent,
v. FRANK E. LYON, Appellant.

*Bastardy proceedings — testimony of the mother as to who was the father — it need
not be corroborated as to the principal fact — features, etc., of the child — conduct
of the mother with men — jurisdiction of the magistrates — presumption as to
preliminary steps.*

The mother of a bastard child, after testifying in bastardy proceedings to the birth
of the child, was asked and allowed under objection to answer the question
who was its father.

*Held,* that although the question was perhaps liable to the objection that it called
for a conclusion, yet the reception of such answer would not necessitate the
reversal of a judgment rendered affirming an order of filiation theretofore
made and issued, if it was without prejudice to the defendant by reason of
being the unavoidable conclusion from the testimony, in detail, subsequently
given by the same witness.

The objection, that the testimony of the mother of a bastard child to the princi-
pal fact, given in bastardy proceedings, is not directly corroborated by other
evidence, goes only to the question of the credit to be given to her testimony,
there being no statute requiring corroboration of her testimony in order to war-
rant a conviction.

In bastardy proceedings evidence given in rebuttal on the part of the relator as
to the color of the hair and eyes of the child and its mother, if objected to, is
inadmissible in evidence unless given in answer to testimony on the same sub-
ject first given upon the part of the defendant.

The admission in evidence of testimony offered by the relator as to the manner
and bearing of the mother of the bastard child in her casual intercourse with
men is justified, if the defendant has previously introduced the testimony of
witnesses to the effect that in such intercourse she was improperly forward and
familiar.

A motion made in the Court of Sessions to dismiss bastardy proceedings, on the
ground that the magistrates are without jurisdiction to hear and determine
the case, is properly denied, if there be no specification in the motion of the
respect in which jurisdiction is wanting, and if the magistrates have jurisdic-
tion of the subject-matter and the defendant is before them in person and by
counsel without objecting to their jurisdiction of his person.

In the absence of any objection taken before the magistrates in bastardy proceed-
ings, it will be presumed, for the purposes of an appeal to the Court of Ses-
sions, that the preliminary proceedings necessary to give the magistrates juris-
diction of the person of the defendant had been taken.

APPEAL by the defendant, Frank E. Lyon, from a judgment of
the Court of Sessions held in and for the county of Ontario, entered

in the office of the clerk of the county of Ontario on the 2d day of May, 1894, rendered upon the decision of the court affirming an order óf filiation made and issued by two justices of the peace of the town of Naples, Ontario county.

*Jno. Gillette*, for the appellant.

*I. A. Seamans*, for the respondent.

DWIGHT, P. J.:

The defendant, a horseshoer by trade, took up the business of administering "massage," and, under the title of "Professor Lyon," traveled from place to place, in the region of Elmira and Canandaigua, holding himself out as a practitioner of the art which goes by that name. The mother of the bastard child, an unmarried woman of thirty-three years of age, who had been an invalid since she was twenty, submitted herself to his treatment, at first at her home in Naples and afterwards at a hotel in Canandaigua. At the latter place, as she testifies, the defendant, on three or four occasions, in the fall of 1892 and spring of 1893, having her alone with him in his bedroom in which he received his patients, with the door locked, in each case after administering the treatment of massage, solicited and was· permitted to have connection with her. She testifies that the child, to which she gave birth in the latter part of November, 1893, was the result of this connection. The order of filiation charged the defendant with the paternity of the child, and, after an appeal to and trial *de novo* by the Court of Sessions, that order was unanimously affirmed.

The finding of that court on the question of fact cannot be disturbed. The evidence, though contradictory, depended largely for its probative force upon the apparent character and truthfulness of the witnesses, and, so far as those elements of credibility can be judged of from the printed testimony, the court below was justified in bestowing its credence as it did.

Several exceptions were taken to rulings of the court in the admission of evidence, but none, we think, for which the judgment should be reversed. The testimony of the mother of the child was taken, as we infer, *de bene esse*, although it appears to have been offered in evidence as a deposition "taken by commission." No

order for the taking of the testimony was proved, nor is there in the record here any authentication of the deposition; but the only objection which was made to its being read was that there was no evidence to form a basis for its introduction. This, we must suppose, related to the proof necessary to be made preliminary to the reading of evidence taken conditionally, namely, that the attendance of the witness could not be procured at the term. But this proof was fully made by the testimony of Dr. Conley, who was the last witness to testify before the deposition was offered in evidence. That part of his evidence which related to the present condition of health of the mother of the child was objected to on behalf of the defendant as inadmissible and incompetent, but it was admitted, and it showed that the mother of the child was then confined to her room by severe illness, and that it would not have been possible for her to come to court. It would seem that this evidence, or the effect of it, must have escaped the attention of counsel for the defendant, but, however that may have been, no other objection was made to the deposition, and the counsel, himself, read in evidence that portion of it which seems to have been taken on his cross-examination.

After testifying to the birth of the child, the deponent was asked who was its father, and the answer was received under objection. The question was, perhaps, liable to the objection that it called for a conclusion, but the answer was without prejudice to the defendant, because it was the unavoidable conclusion from the testimony, in detail, subsequently given by the same witness.

The objection that the testimony of this witness to the principal fact was not directly corroborated by other evidence goes only to the question of the credit to be given to her testimony. There is no statute requiring corroboration in order to conviction in this case as in that of rape or seduction (Penal Code, §§ 283, 286), and on the question of credit, we have already intimated that we stand by the finding of the Court of Sessions. The case of *Burke* v. *Burpo* (75 Hun, 568) furnishes no authority for discrediting the testimony of the principal witness in this case. In that case the circumstances were such as, in the opinion of the court, to forbid credit to the testimony of the mother of the child. We can only say that, in our

FIFTH DEPARTMENT, DECEMBER TERM, 1894.          [Vol. 83.

opinion, such are not the circumstances of this case. Every such case must stand on its own bottom.

Some · evidence in rebuttal was given by Dr. Conley and one other witness for the prosecution as to the color of the hair and eyes of the child and its mother; the evidence was objected to, and its reception would probably have been error but for the fact that the evidence was given in answer to testimony on the same subject, which was first given by the defendant and one of his witnesses.

The same must be said in respect to some evidence given by the prosecution, in rebuttal, as to the manner and bearing of the mother of the child in her casual intercourse with men. The admission of this evidence could not have been justified but for the fact that the defendant had previously introduced the testimony of several witnesses to the effect that in such intercourse she was improperly forward and familiar. The evidence was not material, except as it tended to discredit her testimony, and as such it was contradicted by that objected to by the defendant.

The motion in the Court of Sessions to dismiss the proceeding on the ground that the magistrates were without jurisdiction to hear and determine the case was properly denied. There was no specification, in the motion, of the respect in which jurisdiction was wanting, whereas it is apparent that the magistrates had jurisdiction of the subject-matter, and it appears from the record that the defendant was before them in person and by counsel without objecting to their jurisdiction of his person. In his brief for argument of this appeal, counsel specifies as the ground of his objection to the jurisdiction, that it does not appear by the record that the defendant, when arrested in another county than that in which the warrant was issued, was taken before a magistrate in the county in which he was arrested. (Code Crim. Proc. § 844.)

There seems not to be force in this objection. The record before us does not purport to contain the proceedings leading up to the trial before the magistrates, but only the proceedings on that trial. The record reads — after stating that the appeal to the Court of Sessions is from an order made by the two magistrates named — "The following are the proceedings had before the magistrates from which such appeal was taken."

It is true that the record does, in fact, contain what, on their face,

purport to be some of the preliminary proceedings, but this was entirely supererogatory since the statute only required that the magistrates, from whose order the appeal is taken, shall transmit to the Court of Sessions the undertaking of the defendant for his appearance in that court with a certified copy of the order appealed from. (Code Crim. Proc. § 863.) We are of the opinion that in the absence of any objection before the magistrates, it will be presumed, for the purposes of the appeal to the Court of Sessions, that the preliminary proceedings necessary to give the magistrates jurisdiction of the person of the defendant had been taken.

We find no exception taken on the trial which must not be disregarded under the provisions of the statute relating to appeals in criminal cases. (Code Crim. Proc. § 542.)

The judgment should be affirmed, with costs.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment of the Court of Sessions of Ontario county appealed from affirmed, with costs.