### PEOPLE v. TRIPICERSKY.

(Supreme Court, Appellate Division, First Department. April 24. 1896.)

BASTARDY—SUFFICIENCY OF EVIDENCE.

In bastardy proceedings, where complainant testified that her intercourse with defendant continued for about four months, up to within seven months of the birth of her child, and that during that time she had no intercourse with other men, and defendant, while admitting intercourse, claimed that it ceased over ten months prior to the birth of the child, and that other men had intercourse with her, the evidence was sufficient to warrant a judgment against defendant.

Appeal from court of special sessions, New York county.

Bastardy proceedings against Charles Tripicersky. Complainant, Anna Simanck, testified that she had intercourse with defendant from September up to the end of December, 1894, and that from September, 1894, until the birth of her child, on July 30, 1895, she did not have intercourse with any other man. Defendant was adjudged to be the father of complainant's child, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Leonard J. Langbein, for appellant.
George W. Lyon, for respondents.

BARRETT, J. The defendant was adjudged by the court of special sessions to be the father of the complainant's bastard child. He appeals upon two grounds: First, that the judgment was not supported by competent evidence; and, second, that it is against the weight of evidence. Neither ground is tenable. The complainant testified that from the time when she had connection with the defendant until the birth of her child she had no connection with any other person. She was somewhat confused as to the date of the

intercourse, but upon her entire testimony it sufficiently appeared that such intercourse was within the usual period of gestation. No doubt or suspicion is attached to the charge generally, as the defendant admits the intercourse, but seeks to escape by placing it at a period somewhat earlier than that of probable conception. Upon the case made by the prosecution, the court below was fully justified in finding that conception resulted from the intercourse with the defendant to which the complainant testified. Upon the other hand, the testimony adduced by the defendant was unworthy of credit. He and his brother-in-law pretend to have made entries in a book when they had intercourse with the complainant. This was enough to discredit them. No reason was given for such preposterous acts. In place of thereby fixing with precision the dates of intercourse so as to let the defendant out, these entries simply indicate a prepared defense. The magistrates very sensibly disbelieved the testimony of these people. The other witness—Zneak— was equally unworthy of credit. His testimony is contradictory, confused, and improbable. It was as unreliable as that of the brother-in-law, who declared that he kept the girl in his employ, and in association with his wife and children, for months after he had the duly-recorded intercourse with her. All these stories were plainly made of the whole cloth. To save the defendant, the witnesses were willing, not only to disgrace themselves, but to make themselves ridiculous. The defendant was properly held, and the judgment and order of the court of special sessions should be affirmed. All concur.