claim of the old and nonassenting bondholders, and were preparing a shield against expected attack, under which they might assert, in defense of any action brought by these bondholders, the provision that the new corporation had assumed the payment of the plaintiff's claim; and I am fortified in this belief by the conclusion expressed in the learned opinion of the appellate term:

"In our view, it is clear that the defendant intended to bind itself for the payment of the indebtedness upon these outstanding bonds, such being the condition upon which a transfer of the assets in question was finally made. The final resolution is unmistakable in its terms, and from the proceedings leading up to that resolution we find the explanation of the inconsistency appearing in the former bill of sale."

The opinion of Mr. Justice BARTLETT refers to the case of Cole v. Iron Co., supra, as authority that the transfer was a fraud upon the creditors of the old corporation, but says that this is not a suit to set aside the transfer. I cannot see that this distinction of remedies is a bar. The plaintiff, with the judgment of the appellate term and execution thereon, can reach the assets of the defendant, and the same result with much greater circumlocution could be accomplished by the action referred to. The transfer was unlawful, and the defendant should not be permitted to set up any part of its illegal actions to defeat the equities of the plaintiff.

The judgment of the appellate term should be affirmed, with costs.

_____

(15 App. Div. 41.)

BOARD OF COM'RS OF CHARITIES & CORRECTIONS v. McCLOSKEY.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

BASTARDS—APPEALS—TRIAL DE NOVO.
     Code Cr. Proc. § 862, providing for a trial de novo in the county court on appeal from an "order" of filiation in bastardy proceedings, was not superseded by Laws 1890, c. 39, § 1, amending Code Cr. Proc. § 749, which relates to appeals in general, and providing for an appeal from a "judgment" on conviction.

Appeal from Kings county court.

Bastardy proceedings by the board of commissioners of charities and corrections, on complaint of Tessie Cowie, against Richard McCloskey. From an order of the county court affirming an order of filiation made by a police justice of the city of Brooklyn, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis A. McCloskey, for appellant.
Charles T. B. Rowe, for respondent.

CULLEN, J. It is unnecessary to determine the question whether in a bastardy proceeding an appeal lies to this court from an order made by the county court. In People v. Cullen, 151 N. Y. 54, 45 N. E. 401, the court of appeals intimated that the right to such an appeal is open to grave doubt. But we find no reason to interfere

with the judgment of the court below on the merits. On the hearing in the county court the appellant insisted that that court was limited to an examination of the proceedings before the police justice, and the only matter to be determined by the court was whether the police justice erred on the evidence before him. The appellant declined to offer any evidence, and refused to cross-examine plaintiff's witnesses. There is no authority whatever for this claim of the appellant. Section 864, Code Cr. Proc., is a re-enactment of section 28, p. 902, 2 Rev. St. (6th Ed.). There seems to have never been any dispute as to the true construction of this section, or any denial that its provisions required a trial de novo in the county court. Roy v. Targee, 7 Wend. 358; People v. Lyon, 83 Hun, 303, 31 N. Y. Supp. 942; People v. Schildwachter, 87 Hun, 363, 34 N. Y. Supp. 352. The amendments of 1890 (chapter 39) to sections 749 and 751, Code Cr. Proc., have not changed the character of proceedings on appeals from orders in bastardy proceedings. The language of section 749 is for the review of "a judgment upon conviction." The orders made in bastardy proceedings are never so characterized by the Code, but are spoken of as "orders of filiation." If there were no other means of review of decisions in bastardy cases than those prescribed by section 749, the court might be inclined to strain the interpretation of the term "a judgment upon conviction," so as to include such cases. But sections 861 to 880 provide a complete scheme for appeals in such cases, and prescribe the powers of the court on appeals. It is unreasonable to suppose that, by the amendments to sections 749 and 751 of the Code of Criminal Procedure, it was intended to abrogate that scheme.

The order appealed from should be affirmed, with costs. All concur.

