(21 App. Div. 189.)

PEOPLE ex rel. KIRKPATRICK, Overseer of the Poor, v. CROWLEY.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

APPEALS IN BASTARDY PROCEEDINGS.

 Code Cr. Proc. § 770, providing that, if the judgment of the county court on appeal be against defendant, he may appeal to the appellate division of the supreme court, includes bastardy proceedings.

Appeal from Kings county court.

Action by the people, on the relation of Charles Kirkpatrick, overseer of the poor, etc., against John Crowley. From a judgment of conviction, defendant appeals. On motion to dismiss. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richard S. Harvey, for the motion.

Garrett Z. Sneider, opposed.

CULLEN, J. This is an appeal from an order of the county court adjudging the defendant to be the father of a bastard child. A motion is made to dismiss the appeal on the ground that the order is not appealable to this court. We think the appeal lies. Section 770 of the Code of Criminal Procedure, relative to appeals

generally from judgments of courts of special sessions, magistrates, or justices of the peace in criminal actions, or proceedings of a criminal nature, provides that, if the judgment of the county court on appeal be against the defendant, he may appeal to the appellate division of the supreme court. The intimation of the court of appeals in People v. Cullen, 151 N. Y. 54, 45 N. E. 401, is that such an appeal cannot be taken to this court by the people or the prosecutor when the judgment is in favor of the defendant, for the section gives the right of appeal only in case it is against the defendant. It is not an authority in support of this motion. In the case of Commissioners v. McCloskey, 44 N. Y. Supp. 111, we held that the provisions of sections 861 to 880 of the Code of Criminal Procedure provided a complete scheme for appeals in bastardy cases to the county court, and prescribed the power of that court on such appeal, and that the amendment of 1890 to sections 749 and 751 had not changed the character of proceedings on such appeals. But this only applies to appeals from decisions of the magistrate to the county court. There is no special provision for appeal to this court from the decision of the county court. While we were of the opinion that the amendment to section 749 did not abrogate or affect the special proceedings for appeal to the county court, still we think it equally clear that, when construed in connection with section 770, it was the intention to confer upon the defendant, in all proceedings of a criminal nature, the right of appeal to this court.

The motion should be denied. All concur.