### PEOPLE ex rel. CHICHESTER v. JEWEL.

(Supreme Court, Appellate Division, Second Department. June 14, 1898.)

BASTARDY—EVIDENCE.

> In a bastardy proceeding, the clear and distinct testimony of the complainant as to the sexual intercourse with the defendant which resulted in her pregnancy was supported by proof by other persons showing a considerable intimacy between the complainant and the defendant, and that they were seen together at about the time when the intercourse resulting in pregnancy was had. *Held*, that the evidence warranted an order of filiation.

Appeal from court of sessions, Suffolk county.

Proceedings by the people, on the relation of George L. Chichester, against Isaac Jewel. From a judgment affirming an order of filiation made and issued by two justices of the peace, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Rowland Miles, for appellant.
Walter H. Jaycox, for respondent.

PER CURIAM. The evidence justified the court of sessions in pronouncing the judgment which it did. The complainant testified clearly and distinctly to the sexual intercourse which resulted in her becoming with child. It is, in usual course, almost impossible to adduce testimony of the principal fact, beyond the statement of the party or parties engaged therein. From this record, however, it appears that proof was given by other persons showing a considerable intimacy between the complainant and the defendant, and that they were seen together at about the time when the intercourse resulting in pregnancy was had. It is clear, therefore, that the court was authorized in reaching the conclusion which it did, and this court will not disturb it. People v. Lyon, 83 Hun, 303, 31 N. Y. Supp. 942. The proof adduced in favor of the defendant, while of considerable probative force, is by no means conclusive. The case was presented for determination upon somewhat contradictory evidence, but no more so than is usual in such cases.

The judgment should therefore be affirmed, with costs.