## KELLER v. MERTENS.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. BASTARDY—JURISDICTION.

Under Code Cr. Proc. § 840, providing for a proceeding in bastardy by a superintendent of the poor of the county, an overseer of the poor or other officer of the town or city where the pregnant woman is, the action is properly brought in the city of New York where the woman is within the city, though defendant resides elsewhere.

2. SAME.

> Charter of New York, § 684, provides that proceedings in bastardy
> shall be conducted in the name of the commissioner of charities within
> whose jurisdiction the person charged as the father or mother resides.
> Id. § 1406, subd. 3, gives the court of special sessions exclusive jurisdic-
> tion in the first instance, and authorizes the application to be brought
> before the court of special sessions in the county. *Held*, that an action
> was properly brought by the commissioner of charities of the boroughs
> of Manhattan and the Bronx in such court, where the pregnant woman
> was in New York when the proceeding was brought, though she subse-
> quently removed to Brooklyn.

Appeal from court of special sessions, New York county.

Action by John W. Keller, as commissioner of public charities of
the boroughs of Manhattan and the Bronx, on complaint of Vic-
toria Malinska, against John Mertens. From a judgment for plain-
tiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

August P. Wagener, for appellant.

Adrian T. Kiernan, for respondent.

INGRAHAM, J. On the complaint of one Victoria Malinska, who
alleged that she was pregnant with a child likely to be born a bas-
tard, and that the defendant was the father of such child, a pro-
ceeding was instituted by the commissioner of charities of the bor-
oughs of Manhattan and the Bronx in the city of New York, and
resulted in the judgment appealed from. The only point raised by
the defendant was that the court of special sessions of the city of
New York had no jurisdiction, as neither the father nor the mother
of the child was a resident of the boroughs of Manhattan and the
Bronx, such boroughs being the territory over which the commis-
sioner in whose name this proceeding was instituted had jurisdic-
tion. This proceeding is instituted under the Code of Criminal Pro-
cedure. By section 840 thereof is it provided that:

> "If a woman be delivered of a bastard or pregnant of a child likely to be
> born such, and which is chargeable to a county, city or town, a superin-
> tendent of the poor of the county, * * * an overseer of the poor or other
> officer of the almshouse of the town or city where the woman is, must apply
> to a justice of the peace or police justice in the county to inquire into the
> facts of the case."

The defendant, it is shown, resided at Yonkers, but the woman
who was pregnant was alleged to be in the city of New York, at
the time the proceeding was commenced. Thus, under this provi-
sion of the Code of Criminal Procedure, the pregnant woman being
within the city of New York, the application could be made in this
city. By the charter of the city of New York (section 684) it is
provided that all bastardy proceedings shall be conducted by and
in the name of the commissioner within whose jurisdiction the per-
son charged with being the father or mother of the bastard resides.
By subdivision 3 of section 1406 of the charter it is provided that
the court of special sessions shall have exclusive jurisdiction in
the first instance of all proceedings respecting bastards within the
city of New York, and that the jurisdiction conferred by sections

838–860, inclusive, of the Code of Criminal Procedure shall be exclusively exercised within the said city by said court. The section then continues:

"The application specified in section eight hundred and forty of said Code of Criminal Procedure shall be made to the court of special sessions in the county wherein a bastard is born or where the woman pregnant of a bastard likely to be born is."

There can be no question but that upon this testimony this woman was within the county of New York when the proceeding was commenced. She had actually been in the county for three weeks; and, if the child had been born during the time that she was actually in this county, it would have been a charge upon this county. Reading these two sections of the charter together, it seems that it was the intention to require the commissioner of charities to proceed when a woman is delivered of a bastard, or is pregnant of a child likely to be born such within his jurisdiction. Any other construction to be given to the term "residence" contained in section 684 of the charter would prevent any proceeding from being instituted where the mother was actually within this county, so that her child would be a county charge if the legal residence of the woman was elsewhere. By the presence of this woman in the city of New York, the court acquired jurisdiction of the proceeding, and the subsequent removal of the woman from the city of New York to Brooklyn would not devest the court of such jurisdiction. Whether this child, when born, would be a charge upon the county of Kings or the county of New York was immaterial, as in either case it would be a charge upon the city of New York. When the proceeding was commenced, she seems to have been actually residing in the borough of Manhattan, and this justified the commissioner in instituting the proceeding, and gave the court jurisdiction. The court having thus acquired jurisdiction, nothing that subsequently happened devested it.

The judgment appealed from should be affirmed, with costs. All concur.