PEOPLE v. ASH.

(Supreme Court, Appellate Division, Second Department. October 20, 1899.)

1. CRIMINAL LAW—APPEAL—RECORD.
> Since Laws 1898, c. 546, authorizing appeals from the municipal court of the city of New York, and Code Civ. Proc. c. 19, tit. 8, providing that the record on such appeals shall consist of the notice of appeal and the return of the justice thereto, do not apply to courts of special sessions, governed by Greater New York Charter, § 1413, Laws 1895, c. 601, § 20, and Code Cr. Proc. c. 1, tit. 9, requiring notice of appeal to be served on the clerk of the court rendering judgment, and that the judgment roll shall consist of the papers on which the proceeding was begun, judgment of conviction, evidence on which it is based, etc., an appeal of a criminal case from the court of special sessions to the appellate division of the supreme court cannot be taken under the rules applicable to appeals from the municipal court of the city of New York.

2. SAME—REMAND WITHOUT PREJUDICE.
> Where a record on appeal is not properly perfected, and no motion to dismiss is made, the cause will be remanded for the preparation of a proper record, without prejudice.

Appeal from court of special sessions of city of New York.

Minnie Ash was convicted of assault, and she appeals. Remanded without prejudice.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward Kaufmann, for appellant.
Hiram R. Steele, Dist. Atty., for the People.

HATCH, J. The question was raised upon the argument in this case as to whether it was properly before this court for review. Upon an appeal from the municipal court of the city of New York the provisions of chapter 19, tit. 8, of the Code of Civil Procedure apply. The record in such case consists of the notice of appeal, and the return of the justice thereto. The appeal lies to the appellate division in this department by virtue of a designation made by such court pursuant to the authority conferred by chapter 546 of the Laws of 1898. The appeal is heard upon either printed or written papers, under the rules formulated by the court governing the hearing of such appeals. These laws and rules have no application to the review of judgments of conviction by courts of special sessions. The latter courts are created by the provisions of title 3, § 1394, and cognate sections, of the Greater New York charter. Practice on

appeals from the court of special sessions is governed by the provisions of section 1413 of such charter, section 20 of chapter 601 of the Laws of 1895, and by chapter 1, tit. 9, of the Code of Criminal Procedure. These provisions require that notice of the appeal shall be served upon the clerk of the court where the judgment is rendered, and upon the district attorney of the county, upon the service of which the clerk of the court must make up a judgment roll, consisting of the papers instituting the proceeding, the judgment of conviction, the evidence upon which it was based, when necessary to present the question sought to be reviewed, which, together with the notice of appeal and a proper certificate by the clerk, constitute the record upon which the case is to be heard in the appellate tribunal. When the case is made up, the same may be brought on for hearing in the same manner and upon the same notice as apply to appeals from judgments of conviction on indictments.

In the case before us there was no attempt at compliance with this practice, but the appeal was attempted to be brought to a hearing under the rules applicable to appeals from the municipal court. There is therefore no record before us such as the law contemplates shall be made. Consequently the case is not in condition for this court to review. The appeal, however, was proper. It is the record that is defective. No motion to dismiss the appeal for failure to make a case has been made, and, as the practice is new, we conclude to decline to consider the question which has been attempted to be presented, and remit the defendant to the preparation of a proper case, without prejudice to her right so to do. All concur.