SIMIS v. ALWANG.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

BASTARDY—PROCEEDINGS—APPEAL.
　　　Bastardy proceedings, denominated by Code Cr. Proc. pt. 6, as "special proceedings of a criminal nature," being only quasi criminal; and Greater New York Charter, § 1406, subd. 3, conferring exclusive jurisdiction thereof on courts of special session in the first instance; and said courts, in the disposition thereof, being governed by the provisions of Code Cr. Proc. §§ 838–860, inclusive, relating to such proceedings,—the practice in exclusively criminal cases, as well in appeal as otherwise, does not apply thereto, so that appeal does not lie to the supreme court from an order of filiation in such proceedings under the charter: but, though the charter makes no express provision for appeal from such order, the right of appeal to the county court, preserved by Code Cr. Proc. § 861, applies.

Appeal from court of special sessions of city of New York.

Bastardy proceedings by Adolph Simis, Jr., commissioner of charities of the city of New York, in the borough of Brooklyn and Queens, on complaint of Nora Fackelman against William Alwang. From an order of filiation, defendant appeals. Dismissed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Thomas C. Whitlock, for appellant.
Alexander McKinny, for respondent.

HATCH, J. No appeal lies from an order of filiation in bastardy proceedings, made by the court of special sessions, to the appellate division of the supreme court. Proceedings in bastardy are denominated in the Code of Criminal Procedure as "special proceedings of a criminal nature." Code Cr. Proc. pt. 6. They have always been regarded as only quasi criminal; and the practice which is provided for the punishment of persons guilty of criminal offenses has never been applicable to such proceedings. People v. Carney, 29 Hun, 47. Authority is conferred to prosecute bastardy proceedings by section 684 of the Greater New York charter upon the commissioner of public charities of the city of New York in the respective boroughs in which such officers act. Section 1406, subd. 3, of such charter, confers exclusive jurisdiction upon courts of special

sessions, in the first instance, to take cognizance of bastardy proceedings, and in the disposition of such cases said court is governed by the provisions of sections 838 to 860, inclusive, of the Code of Criminal Procedure. It is therefore evident that it was never the intention of the legislature to make the practice applicable, in cases of an exclusively criminal nature, to bastardy proceedings, and therefore the practice which permits an appeal from courts of special sessions in criminal cases and proceedings, as laid down in People v. Ash, 44 App. Div. 6, 60 N. Y. Supp. 436, has no application. This is clearly evident from an examination of the provisions authorizing appeals in criminal cases, and it would be incongruous to attempt to make application of them to bastardy proceedings, while the provisions of the charter which confer jurisdiction in bastardy proceedings in express terms make the procedure in respect thereto such as is provided by the Code of Criminal Procedure. Although the right of appeal is not, in terms, given from an order of filiation in bastardy proceedings under the charter, yet, as the provisions of the Code of Criminal Procedure relating to such proceedings are made applicable, we think the right of appeal, preserved by section 861 of such Code and cognate sections, should be held to apply to the determination made by the court of special sessions. Such provisions authorize an appeal to the county court of the county where the case, in accordance with the procedure therein established, permits of a trial de novo. Board v. McCloskey, 15 App. Div. 41, 44 N. Y. Supp. 111. Whether an appeal will lie from the county court to the supreme court is not entirely clear. It was entertained in the case last cited, although the authority was doubted. People v. Cullen, 151 N. Y. 54, 45 N. E. 401. However this may be, it is clear that no appeal lies from the court of special sessions to this court in a bastardy proceeding. It follows that the appeal should be dismissed.

Appeal dismissed, without costs. All concur.