KELLER, Commissioner of Public Charities, v. CLEARY.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

BASTARDS—APPEAL—NOTICE OF APPEAL—SERVICE ON DISTRICT ATTORNEY.
   Laws 1895, c. 601, § 20, repeals all former laws allowing appeals from
   the court of quarter sessions, and authorizes the defendant to appeal to
   the supreme court in the same manner as from a judgment on an indict-
   ment. Code Cr. Proc. § 523, requires notice in writing of an appeal from
   a judgment on an indictment to be served on the district attorney. *Held*,
   that an appeal by the defendant from a judgment of the quarter sessions
   in a bastardy proceeding instituted by the commissioner of public char-
   ities will be dismissed for failure to serve notice on the district attorney,
   though notice is served on the corporation counsel, who is the legal ad-
   viser of such commissioner, under Greater New York Charter, c. 7.
   Ingraham and McLaughlin, JJ., dissenting.

Appeal from special term, New York county.

Proceedings in bastardy by John W. Keller, commissioner of pub-
lic charities, on complaint of Teresa Heitzmann, against John P.
Cleary. From a judgment in favor of plaintiff, defendant appeals.
Appeal dismissed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
O'BRIEN, and INGRAHAM, JJ.

Joseph H. Hayes, for appellant.
Theodore Connoly, for respondent.

HATCH, J. So far as the practice relating to appeals in bas-
tardy proceedings is concerned, it seems to have been settled by this
court, at least by implication, that an appeal lies to this tribunal
(People v. Tripicersky, 4 App. Div. 613, 38 N. Y. Supp. 696; Keller
v. Mertens, 37 App. Div. 497, 55 N. Y. Supp. 1043), where such ap-
peals were entertained. A different rule was announced by the Sec-
ond department. Simis v. Alwang, 48 App. Div. 530, 62 N. Y. Supp.
1067. In the latter case, however, the provisions of chapter 601
of the Laws of 1895 were not called to the attention of the court,
nor was the effect of that act considered. It is not necessary, how-
ever, in the view which we take of the present case, that such ques-
tion should be decided, although it is quite probable that the terms
of the act of 1895 are sufficiently broad to authorize the appeal. A
fatal objection, however, prevents the hearing of this appeal, as it ap-
pears in the record that this court is without jurisdiction to enter-
tain it. Section 20, c. 601, Laws 1895, provides how appeals from
the court of special sessions shall be taken by the defendant, in these
words:

"He may appeal therefrom [the judgment or determination] to the supreme
court in the same manner as from a judgment in an action prosecuted by in-
dictment."

By the prior provisions of this section all laws conferring the
right of appeal from courts of special sessions are repealed. This
section therefore furnishes the only authority for this appeal. An
appeal by a defendant from a judgment in an action prosecuted by
indictment is regulated by the Code of Criminal Procedure (title

11, c. 1, §§ 515–532, inclusive). Section 522 provides that an appeal must be taken by the service of a notice in writing on the clerk with whom the judgment roll is filed. And, by the next section (523), if the appeal is taken by the defendant a similar notice must be served on the district attorney of the county in which the original judgment was rendered. In the present case the defendant served his notice of appeal upon the clerk of the court of special sessions, and to this extent his practice was proper. He did not, however, serve the notice of appeal upon the district attorney, in consequence of which no appeal was taken. The provisions of this section of the Code are mandatory, and the service upon the district attorney is as essential a step in order to perfect the appeal as is the service upon the clerk; and, as this was not done, no jurisdiction is conferred upon this court to hear the appeal. The defendant also served his notice of appeal upon the corporation counsel, but this does not aid him. There is no provision of law requiring service of such notice upon him, and therefore it can no more avail in obtaining a right than would the service of the notice upon any other stranger. It is quite true that by the provisions of the charter (chapter 7) the corporation counsel is made the legal adviser of the plaintiff in respect of his official duties, and his duty is to care for all legal matters connected with the administration of his office. But such fact in no wise dispenses with the command of a statute requiring an act to be done as a condition precedent to the exercise of a right.

We therefore reach the conclusion that this court is without jurisdiction to entertain the appeal. It should therefore be dismissed.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

INGRAHAM, J. (dissenting). The respondent upon this appeal insists that the order of filiation of the special sessions of the county of New York is not appealable to the appellate division of the supreme court. These proceedings were instituted under the Code of Criminal Procedure. Section 839 thereof provides:

"The father and mother of a bastard are liable for its support. In case of their neglect or inability, it must be supported by the county, city or town in which it is born, as provided by special statutes."

Section 840 provides:

"If a woman be delivered of a bastard, or be pregnant of a child likely to be born such, and which is chargeable to a county, city or town, a superintendent of the poor of the county, where the distinction between town and county poor has been abolished, and, where said distinction is still maintained, an overseer of the poor or other officer of the alms-house of the town or city where the woman is, must apply to a justice of the peace or police justice in the county to inquire into the facts of the case."

Section 850 provides:

"Upon the hearing the magistrates must determine who is the father of the bastard, and must proceed as follows: * * * (2) If they determine that he is the father, they must make an order of filiation, specifying therein the sum to be paid weekly or otherwise by the defendant for the support of the bastard."

Section 861 provides:

"A person deeming himself aggrieved by the order of two magistrates, made pursuant to the last chapter, may appeal therefrom to the next term of the county court of the county."

And by section 864 it is provided that:

"The county court must proceed to hear the allegations and proofs of the parties; and the party in whose favor the order was made, must support it by evidence."

Section 865 provides that:

"The court may affirm or vacate an order of filiation or maintenance, or may reduce or increase the sum ordered to be paid for the support of the bastard or its mother; and, disregarding defects in form in the order, must amend it according to the fact."

Thus, before the act of 1895, to which reference will be made, an appeal from an order of filiation, either by the complainant or by the defendant, was allowed to the county court of the county, and that court was to rehear the case upon evidence there presented, and could confirm, vacate, or modify the order. In the county of New York such an appeal was from the court of special sessions to the court of general sessions, and upon such an appeal the provisions of the sections of the Code of Criminal Procedure to which attention has been called were made applicable. Chapter 601 of the Laws of 1895 reorganized the inferior courts of criminal jurisdiction in the county of New York, and the court of general sessions as it now exists was constituted. By subdivision 3 of section 14 of that act it was provided that such courts—

"Shall have exclusive jurisdiction in the first instance of all the proceedings respecting bastards, and the jurisdiction conferred by sections eight hundred and thirty-eight to eight hundred and sixty inclusive, of the Code of Criminal Procedure, shall be exclusively exercised within said city and county by the said court."

These are the provisions of the Code of Criminal Procedure which regulate the proceedings in the courts of original jurisdiction to which attention has been called. Section 20 of this chapter provides that:

"All provisions of law conferring the right of appeal to the court of general sessions of the peace in the city and county of New York from any judgment, order or determination of the court of special sessions shall be repealed."

This provision is certainly broad enough to repeal the provisions of section 861 of the Code of Criminal Procedure, and by it the right of appeal to the court of general sessions of the peace of the city of New York was taken away. The section then provides:

"If any judgment or determination made by the said court of special sessions on or after the said last mentioned day shall be adverse to the defendant, he may appeal therefrom to the supreme court in the same manner as from a judgment in an action prosecuted by indictment."

This provision allows an appeal in a case where the judgment or determination of the court is adverse to the defendant, while under the Code of Criminal Procedure either party in a proceeding of this character could appeal. The practice that had been in force many years prior to the passage of this statute was changed so that upon

an appeal to the supreme court the procedure was to be the same as upon an appeal thereto from a judgment of conviction after indictment. Such an appeal is an entirely different proceeding than that contemplated by the Code of Criminal Procedure. There the appeal to the county court was substantially a new trial of the charge against the alleged father of the bastard, while upon such an appeal to the supreme court the appeal must be determined upon the evidence taken before the court of special sessions. It cannot be supposed, however, that the legislature intended to abolish all right of appeal in these proceedings; and the intention was to substitute an appeal to the supreme court, to be determined upon the evidence before the court of special sessions in these proceedings, in place of the appeal theretofore allowed to the court of general sessions. By the charter of the city of New York (chapter 378 of the Laws of 1897) the provisions of law as to the courts of special sessions were re-enacted. By section 1406 it is provided that the courts of special sessions—

"Shall have exclusive jurisdiction in the first instance of all proceedings respecting bastards within the city of New York and the jurisdiction conferred by sections 838 to 860 of the Code of Criminal Procedure shall be exclusively exercised within said city by said courts. The application specified in section 840 of said Code of Criminal Procedure shall be made to the court of special sessions in the county wherein a bastard is born or where the woman pregnant of a bastard likely to be born is."

By section 1413 it is provided that:

"The provisions of section 20 of chapter 601 of the Laws of 1895 respecting appeals from a judgment or determination of the court of special sessions in the city and county of New York shall continue and apply to appeals from the courts of special sessions in the city of New York, as constituted by this act."

It would appear from this that the provisions of the act of 1895 were continued in force and made applicable to judgments or determinations of the court of special sessions in the city of New York. In Simis v. Alwang, 48 App. Div. 529, 62 N. Y. Supp. 1067, the appellate division of the supreme court in the Second department held that there was no appeal from an order of filiation in bastardy proceedings from the court of special sessions to the appellate division of the supreme court. That case arose on an appeal from an order made in the county of Kings. The attention of the court in that action was not called to the act of 1895, which, as we have seen, expressly abolished or repealed all provisions of law conferring the right of appeal to the court of general sessions of the peace in the city and county of New York, and provided that, where such determination in the court of special sessions of the city and county of New York was adverse to the defendant, an appeal should be had to the supreme court. Nor was the attention of the court called in that case to the constant practice in this department, allowing such appeals to the appellate division. Keller v. Mertens, 37 App. Div. 497, 55 N. Y. Supp. 1043. We think, therefore, that under the provisions of this section an appeal from the court of special sessions in the county of New York in such a proceeding lies to the appellate division.

67 N.Y.S.—55

Then defendant insists that this order was not justified. Upon the statement made by the complainant upon which the warrant was granted, she stated that she was delivered of a bastard child at the city of New York; but upon her examination in court she testified that the child was born December 13, 1899, at No. 31 Sixth street, in West New York, N. J.; that at the time the child was born the complainant was living with her sister and parents; that the complainant had lived in the city of New York until May 1, 1899, when she moved with her father and his family to the state of New Jersey, and continued to reside there until after the birth of the child; that subsequently and after the birth of the child she moved to New York, and since that time she has been living with her brother in this city. Section 839 of the Code of Criminal Procedure provides that the father and mother of a bastard are liable for its support, but that in case of their neglect or inability it must be supported by the county, city, or town in which it is born; and section 840 provides that if a woman be delivered of a bastard, or be pregnant of a child likely to be born such, and which is chargeable to a county, city, or town, a superintendent of the poor of the county, or an overseer of the poor or other officer of the alms house of the town or city where the woman is, must apply to a justice of the peace or police justice in the county to inquire into the facts of the case. It is only where a child is chargeable to a county, city, or town that the proceeding is authorized, and the child is a charge upon the city, county, or town in which it is born. Consequently, to sustain these proceedings, there should be proof that the child was born in the county or the city of New York. This construction of this provision of the statute is also confirmed by subdivision 3 of section 1406 of the charter of the city of New York, which provides that the "application specified in section 840 of said Code of Criminal Procedure shall be made to the court of special sessions in the county wherein a bastard is born or where a woman pregnant of a bastard likely to be born is." The proof established that this child was not born in the county or the city of New York, but was born in the state of New Jersey; and the application was not made in the case of a pregnant woman, but after the bastard child had been born. This proceeding is statutory, and, to maintain it, it was necessary that the case should be brought within the provisions of the statute; and therefore we think the court had no jurisdiction, and should have dismissed the proceeding.

I do not see that article 3 of the poor law (chapter 225, Laws 1896) has any application to this proceeding. The article applies to the settlement and place of relief of poor persons. It contains no provision making a bastard a charge upon the city or town in which the mother has a settlement; and there is nothing to override the express provisions of section 839 of the Code of Criminal Procedure, which specified the county, city, or town which is charged with the support of a bastard.

It follows that the order appealed from should be reversed, and the proceedings dismissed.

McLAUGHLIN, J., concurs.