PEOPLE v. CRISPI.

(Supreme Court, Appellate Division, Second Department. June 22, 1905.)

1. BASTARDY—ORDERS—APPEALABILITY.
    Under Revised Greater New York Charter, Laws 1901, p. 605, c. 466, § 1414, providing that if any determination made by the Court of Special Sessions shall be adverse to defendant he may appeal as from a judgment in an action prosecuted by indictment, an order of the Court of Special Sessions in bastardy proceedings is reviewable by the Appellate Division.

2. SAME—INCREASE OF AMOUNT ORDERED TO BE PAID—JURISDICTION OF COURT.
    Revised Greater New York Charter, Laws 1901, p. 603, c. 466, § 1409, subd. 3, which declares that the Court of Special Sessions shall have exclusive jurisdiction of all bastardy proceedings, including the jurisdiction conferred by Code Cr. Proc. §§ 838–860, relating to bastardy, authorizes the Court of Special Sessions to reduce or increase the amount directed to be paid under an order of affiliation in bastardy proceedings in the manner provided by section 859.

3. SAME—APPLICATION FOR INCREASE—OFFICER AUTHORIZED.
    The application under Code Cr. Proc. § 859, to the Court of Special Sessions in New York City to increase the amount directed to be paid under an order of affiliation in bastardy proceedings, must be made by the commissioner of public charities, he discharging the functions of a superintendent of the poor in other counties, and being in effect the officer designated in section 840.

4. SAME—NOTICE OF APPLICATION—SUFFICIENCY.
    A notice of a motion to increase the amount directed to be paid under an order of affiliation in bastardy proceedings, signed by the corporation counsel, and addressed to defendant in the proceedings, and directing him to take notice that on the annexed affidavit of a female a motion would be made to increase the amount ordered to be paid for the support of the child of the female, is fatally defective for failing to show that the application is made by or under the authority of the commissioner of public charities, as required by the provisions of Code Cr. Proc. § 859.

Appeal from Court of Special Sessions of City of New York.

Proceedings by the people to increase the amount directed to be paid by John Crispi by a prior order in bastardy proceedings. From an order directing defendant to pay a larger sum than originally directed, he appeals.   Reversed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Samuel Wechsler, for appellant.

WILLARD BARTLETT, J.   Within the city of New York, orders of the Court of Special Sessions in bastardy proceedings are reviewable by the Appellate Division.   Revised Greater New York Charter, p. 605, c. 466, Laws 1901, § 1414.   The contrary was held on the first appeal in Simis v. Alwang, 48 App. Div. 529, 62 N. Y. Supp. 1067, by reason of the fact that certain statutory provisions bearing upon the question were not then brought to the attention of the court; but the point was reconsidered in Keller v. Cleary, 56 App. Div. 466, 67 N. Y. Supp. 862, and upon the second appeal in Simis v. Alwang, 61 App. Div. 426, 70 N. Y. Supp. 580, and the appealability of such an order to this court may now be considered as fully established.

The order which this appeal brings up for review was made under section 859 of the Code of Criminal Procedure, which provides, in the latter part thereof, that "upon the application of any of the officers mentioned in section 840, the County Court of the county, upon ten days' notice to those officers, or to the father and mother of the bastard, may reduce or increase the amount so directed to be paid" by the original order.   Section 859 of the Code of Criminal Procedure, in which this provision occurs, is made applicable to Courts of Special Sessions in the city of New York by subdivision 3 of section 1409, p. 608, of the Revised Greater New York Charter, in these words:

"They shall have exclusive jurisdiction in the first instance of all proceedings respecting bastards within the city of New York, and the jurisdiction conferred by section 838 to 860, inclusive, of the Code of Criminal Procedure, shall be exclusively exercised within said city by said courts."

Thus it will be seen that the jurisdiction of the County Court to reduce or increase the amount directed to be paid under an order of affiliation in bastardy proceedings is conferred within the territorial limits of the city of New York upon the Courts of Special Sessions therein.

The exercise of that jurisdiction, however, where an increase is sought in the amount directed to be paid, must be made upon the application of one of the officers mentioned in section 840 of the Code of Criminal Procedure.   Those officers are either a superintendent of the poor of the county, where the distinction between town and county poor has been abolished, or, where such distinction is still maintained, an overseer of the poor or other officer of the almshouse of the town or city where the woman is.   The commissioner of public charities in the city of New York discharges

the functions of a superintendent or overseer of the poor in other counties, and is plainly the officer who must make the application contemplated by section 859 of the Code of Criminal Procedure for an increase in the amount directed to be paid by an order of affiliation. In the present case there is absolutely nothing to show that the application was made by that officer or at the instance of any other officer having anything to do with the care of the poor. The proceeding was brought on by a notice of motion, signed by John J. Delany, corporation counsel, and addressed to John Crispi, in these words:

"Please take notice that, on the annexed affidavit of Catherine Giglio, a motion will be made before this court, to be held at the town hall, Jamaica, on the 15th day of November, 1904, at the opening of the court on said day, or as soon thereafter as counsel can be heard, why the amount ordered by this court to be paid by said John Crispi for the support of the child of Catherine Giglio should not be increased, and for such other and further relief as to the court may seem just."

There is not a word in this notice to indicate in whose behalf or by what authority it is given, nor is there anything in the papers by which it was accompanied to show that the superintendent of public charities or any other officer had anything whatever to do with the proceeding. The corporation counsel has no power to institute a proceeding of this sort on his own motion, and it cannot be inferred, in the utter absence of any assertion or evidence on the subject, that in so doing he assumed to act for any one officer of the municipality rather than another, or for any officer at all. I think this is a substantial defect, which cannot be overlooked, and which is fatal to the order appealed from. The Legislature has seen fit to declare in section 859 of the Code of Criminal Procedure that an order of this character may be made upon the application of certain specified officers, and I think that the clear import of the enactment is that it cannot otherwise be entertained. It is easy to perceive a good reason for the limitation, inasmuch as a public officer would hardly be likely to apply for an increase without satisfactory evidence that it ought to be granted, while it is by no means impossible that the mother, if at liberty to make such an application without any official intervention, might be prompted to do so by malicious or vengeful motives toward the father of her child. However this may be, the requirement of the statute is so plain that it cannot be disregarded, and the order under review must be reversed, because it does not appear to have been made on the application of any of the officers authorized by law to apply therefor. All concur.