(60 Misc. Rep. 414.)

### PEOPLE ex rel. THOMANN v. CULKIN.

(Supreme Court, Special Term, New York County. August, 1908.)

1. BASTARDY (§ 92*)—PROCEEDINGS UNDER BASTARDY LAWS—APPEAL—RECORD —MATTERS TO BE SHOWN BY.

Under Code Civ. Proc. § 3347, subd. 8, providing that chapter 11, tit. 1, arts. 1, 2, shall apply only to proceedings in the Supreme Court, the City Court of New York, or a county court, section 1237, c. 11, tit. 1, art. 2, relating to the judgment roll, does not apply to a conviction in bastardy by the Court of Special Sessions so as to require the inclusion among the appeal papers of an indorsement on the voluntary examination of complainant from which it appeared that defendant had given an undertaking to comply with the order of filiation, which under Rev. Greater New York Charter (Laws 1901, p. 603, c. 466) § 1409, subd. 3, precludes a review of the amount of the allowance to be paid.

[Ed. Note.—For other cases, see Bastards, Dec. Dig. § 92.*]

2. BASTARDS (§ 92*)—PROCEEDINGS UNDER BASTARDY LAWS—APPEAL—RECORD —MATTERS TO BE SHOWN BY.

Under Code Civ. Proc. § 3347, subd. 9, providing that chapter 12 does not affect certain statutes touching the review of proceedings in a criminal cause, section 1353, c. 12, declaring that an appeal from a final judgment shall be heard upon the papers therein designated, does not apply

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to an appeal from a conviction in bastardy proceedings by the Court of Special Sessions, but such appeal is governed by Greater New York Charter (Laws 1901, p. 604, c. 466) § 1413, and Laws 1895, p. 1292, c. 601, § 20, and Code Cr. Proc. §§ 515–532.

[Ed. Note.—For other cases, see Bastards, Dec. Dig. § 92.*]

Mandamus by the People, on the relation of Gallus Thomann, to compel Charles W. Culkin, clerk of the Court of Special Sessions of the city of New York, to certify a case on appeal. Writ granted.

For opinion on appeal, see 112 N. Y. Supp. 702.

Jacob Fromme, for relator.

Francis K. Pendleton, Corp. Counsel, for respondent and city of New York.

BISCHOFF, J. The relator has appealed from a judgment of conviction in bastardy proceedings rendered by the Court of Special Sessions, and the clerk of that court has refused to certify the record for appeal to the Appellate Division on the ground that the papers presented did not comply with sections 1353 and 1237 of the Code of Civil Procedure and rule 41 of the General Rules of Practice, in that there was omitted from the proposed return a certain indorsement on the voluntary examination of the complainant, from which it appeared that the defendant (the relator) had given an undertaking to comply with the order of filiation.

The apparent theory of the clerk's refusal was that, since the defendant's act in giving the undertaking operated to limit the scope of the appellate court's review by the force of subdivision 3 of section 1409 of the charter (Laws 1901, p. 603, c. 466), the paper which evidenced that act was "a paper on file * * * which necessarily affects the judgment" (Code Civ. Proc. § 1237), and so to be included among the appeal papers. Section 1237 of the Code of Civil Procedure, however, does not apply to this appeal (Code Civ. Proc: § 3347, subd. 8), nor does section 1353 apply (Code Civ. Proc. § 3347, subd. 9; People v. Ash, 44 App. Div. 6, 60 N. Y. Supp. 436). In People v. Ash the court had occasion to consider the practice upon an appeal of this nature, and said:

"Practice on appeals from the Court of Special Sessions is governed by the provisions of section 1413 of such charter, by section 20, c. 601, p. 1292, Laws 1895, and by sections 515–532, c. 1, tit. 11, pt. 4, Code Cr. Proc. These provisions require that notice of the appeal shall be served upon the clerk of the court where the judgment is rendered, and upon the district attorney of the county, upon the service of which the clerk of the court must make up a judgment roll consisting of the papers instituting the proceeding, the judgment of conviction, the evidence upon which it was based, when necessary to present the question sought to be reviewed, which, together with a notice of appeal and a proper certificate by the clerk, constitute the record upon which the case is to be heard in the appellate tribunal."

The papers submitted to the clerk complied with the statutory requirements referred to, and there appears to be no provision of law to compel the inclusion of the proceedings, which, under section 1409 of the charter, would limit the subject of the review on appeal. In this condition of the law, the practice would seem to require an independent

motion by the respondent in the appellate court to limit the appeal. Whether the bond is given after the record on appeal is certified or before, the effect upon the scope of the hearing is the same, and the means of bringing the fact to the attention of the appellate court would be by motion as in any case of an estoppel affecting the appellant's right to be heard because of matters extraneous to the record. I conclude that the relator is entitled to a direction that the clerk certify the record on appeal in accordance with the statute.

Motion for peremptory writ of mandamus granted, but without costs.