SIMIS, Commissioner of Charities, v. ALWANG.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. BASTARDY PROCEEDINGS—COMPLAINT—SUFFICIENCY.
    Bastardy proceedings are regulated by Code Cr. Proc. §§ 838–860, inclusive. Section 841 provides that the magistrate must, by examination of the woman on oath, and any other testimony, ascertain the father of the bastard, and issue his warrant, directed to a peace officer of the county, commanding him without delay to apprehend the father for the purpose of an adjudication as to the filiation of the bastard. *Held* that, proceedings thereunder being only quasi criminal, the complaint on which defendant's warrant of arrest was issued need not include the written depositions of complainant and witnesses, as required in criminal proceedings.

2. SAME—EVIDENCE—NEW WITNESS—REFUSAL TO ADJOURN.
    Where complainant and defendant had testified in bastardy proceedings, the former directly and positively, the latter equivocally, the court's refusal to adjourn to permit defendant to summon the manager of the hotel at which the intercourse resulting in bastardy was alleged to have occurred is not reversible error.

On reargument. Affirmed.

For former opinion, see 62 N. Y. Supp. 1067.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Thomas C. Whitlock, for appellant.
Ralph K. Jacobs, for respondent.

WOODWARD, J. It will be assumed, upon the explanation of Mr. Justice Hatch in Keller v. Cleary, 56 App. Div. 466, 67 N. Y. Supp. 862, that the court has jurisdiction of this appeal, and the question, upon the merits, is now before us. The appellant urges, aside from the right of this court to hear the appeal, the single proposition that the complaint upon which the warrant for defendant's arrest was issued is insufficient; and a line of authorities are cited in support of this contention, based upon the theory, evidently, that the proceeding is controlled by the provisions of section 149 of the Code of Criminal Procedure. While it is true that proceedings in bastardy matters are usually considered as of a quasi criminal character, they are regulated exclusively by the provisions of sections 838–860, inclusive, and all that is necessary to authorize the issuance of a warrant for the apprehension of the reputed father of a bastard, or of a child likely to be born a bastard and to be—

come a public charge, is provided by section 841. This section provides that "the magistrate must, by the examination of the woman on oath, and any other testimony which may be offered, ascertain the father of the bastard, and must issue his warrant, directed to a peace officer of the county, commanding him, without delay, to apprehend the father and bring him before the justice for the purpose of having an adjudication as to the filiation of the bastard." There is no provision, as in section 148 of the Code of Criminal Procedure, that the depositions of the complainant and witnesses shall be taken in writing, or that "the depositions must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant," as required by section 149. All that is necessary is that "the magistrate must, by the examination of the woman on oath, and any other testimony which may be offered, ascertain the father of the bastard, and must issue his warrant." This appears to have been done, and the warrant distinctly conveys the information that the complainant is "now with child, and that said child is likely to be born a bastard, and to be chargeable to the city of New York, and that William Elwain is the father of such child so likely to be born a bastard." The magistrate has determined this fact upon the oath of the woman, and this is sufficient to impose the duty of issuing the warrant. It is not necessary, in a matter of this character, to put all the details into a written complaint. The statute is satisfied when the magistrate has acted upon the "examination of the woman on oath, and any other testimony which may be offered," and has ascertained the father of the bastard.

The evidence seems sufficient to support the conclusion reached by the court. There were only two witnesses,—the complainant and the defendant,—and the complainant tells a direct and positive story, which is somewhat equivocally denied by the defendant. It was clearly for the court to determine which of the parties to believe, and the fact that the court refused an adjournment for the purpose of permitting the defendant to subpœna the manager of the hotel at which the intercourse resulting in bastardy is alleged to have occurred does not present reversible error.

The judgment appealed from should be affirmed, with costs. All concur.