### PEOPLE v. McKAY.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. BASTARDY PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

   Complainant in bastardy proceedings testified that she met defendant for the first time on January 5, 1901, at a ball, when she made an engagement to meet him on the night of January 9th, and that on such night he took her to a Raines Law hotel, where he had intercourse with her. Defendant admitted that he had been intimate with complainant, but testified that he met her for the first time on March 17, 1901, at a friend's house. A witness subpoenaed by complainant, but not introduced by her, testified that complainant, during her pregnancy, told the physician in attendance that she did not meet defendant until March, and other matters corroborating defendant's testimony; and there was evidence that as late as about the 1st of February complainant had lived with another man, who represented her to be his wife, and had introduced her as such to the janitor of the building in which he lived, and that complainant's parents believed her to be married to this man. Held, that the evidence was insufficient to sustain a conviction.

2. APPEALS FROM COURT OF SPECIAL SESSIONS—JURISDICTION—CONSTITUTIONAL LAW.

   Laws 1897, c. 378 (New York City Charter) § 1413, providing that "the provisions of Laws 1895, c. 601, respecting appeals from a judgment or determination of the court of special sessions in the city and county of New York shall continue and apply to appeals from the courts of special sessions in the city of New York as constituted by this act," was not in violation of Const. art. 3, § 17, prohibiting any previous law from being made a part of any act without inserting the previous law in the act; the act of 1897 being in the nature of an amendment of the previous act extending its provisions over the enlarged territory created by the act of 1897, and thus within the legitimate scope of the legislative powers.

Appeal from court of special sessions of city of New York.

Bastardy proceedings by the people, on the complaint of Emily Funk, against John McKay. From a judgment adjudging defendant to be the father of complainant's bastard child, defendant appeals. Reversed.

Complainant objected to the jurisdiction of the appellate court on the ground that Laws 1897, c. 378, § 1413, under which the court derived its jurisdiction, was in violation of Const. art. 3, § 17. Complainant's bastard child was born October 20, 1901, and was a full-grown child.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas F. Magner, for appellant.
James McKeen, for respondent.

WOODWARD, J. The judgment and order of filiation in the case at bar ought to be reversed as against the weight of evidence. There is absolutely no evidence in the case, aside from the testimony of the mother, which would connect the defendant with the origin of her bastard child. The testimony of the mother, which is not given with any degree of circumstantiality, is to the effect that she met the defendant for the first time at a ball on the 5th day of January, 1901; that she made an engagement with the defendant to meet him on the following Wednesday, the 9th day of January, and that at this time the defendant took her to a Raines Law hotel, where she submitted to his desires. This is hardly the character of evidence which ought to be allowed to convict a man in a criminal proceeding. The woman does not appear to have had such an idea of moral integrity as would warrant any one in accepting her own uncorroborated statement in a matter in which she was personally interested, while the evidence in support of the defendant's version of the matter seems entirely probable, and is supported by the weight of evidence. The defendant, while admitting that he has been intimate with the complainant, says that he never met her until the week of March 10 to 17, 1901, and the evidence shows that the complainant in that week was located at the home of a friend of the defendant, and that the latter was introduced to the complainant at this place by the friend. The complainant's "lady friend," who was subpœnaed by the people, but who was not called in support of the allegations of the complaint against the defendant, was placed upon the witness stand by the defendant, and testified that the complainant had stated to the physician whom she visited during her pregnancy that she did not meet the defendant until March, with other matters which go to support the contention of the defendant. There was evidence that the complainant had lived with one Walters, who went by the name of Clark "for railroad purposes," and that they had been seen together as late as the latter part of January or early in February, 1901; and the "lady friend" testified that the complainant's father and mother believed her to be married to Clark or Walters. This was supported by the testimony of the janitor of the building where Walters lived, who said that Walters, whom the witness knew as Clark, introduced the complainant to him as his wife. The court, listening to this evidence, adjudged, two to one, that the defendant was the father of the complainant's bastard child, but we are unable to agree in this conclusion, believing that it was against the weight of evidence, and that the ends of justice require a reversal. We are of the opinion that there is no doubt of the jurisdiction of this court on this appeal (Simis v. Alwang, 61 App. Div. 426, 70 N. Y. Supp. 580), and it hardly seems desirable to enter into a discussion of the constitutional question suggested. Chapter 378 of the Laws of 1897 was in the nature of an amendment of the previous charter of the city of New York, enlarging its boundaries, and it was entirely within the legitimate scope of the legislative powers to make previous provisions of law in relation to the city of New York extend over the enlarged territory. People v. Hayt, 7 Hun, 39. We are unable to discover any reasoning in the case of People v. Roosevelt, 24 App. Div. 17, 48 N. Y. Supp. 1043, which is inconsistent with the conclusion which we

have reached on the constitutional question, and conclude that there is no good ground for this court refusing to accept the responsibility imposed by the statute of hearing and determining this appeal.

The judgment and order appealed from should be reversed. All concur.