THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN McKAY, Appellant.

*Appeal to the Appellate Division in bastardy cases — extension of provisions relating to the previous city of New York to the Greater New York.*

The Appellate Division in the second department has jurisdiction of an appeal from an order of filiation made by a Court of Special Sessions of the second division of the city of New York.

The Greater New York charter (Laws of 1897, chap. 378) was in the nature of an amendment of the previous charter of the city of New York, enlarging its boundaries, and it was entirely competent for the Legislature to make provisions of law, previously relating to the former city of New York, extend over the enlarged city.

APPEAL by the defendant, John McKay, from an order of the Court of Special Sessions of the second division of the city of New York, entered on the 22d day of November, 1901, adjudging the defendant to be the father of a bastard child born to one Emily Funk.

*Thomas F. Magner*, for the appellant.

*James McKeen*, for the respondent.

Woodward, J.:

The judgment and order of filiation in the case at bar ought to be reversed, as against the weight of evidence. There is absolutely no evidence in the case, aside from the testimony of the mother, which would connect the defendant with the origin of her bastard child. The testimony of the mother, which is not given with any degree of circumstantiality, is to the effect that she met the defendant for the first time at a ball on the 5th day of January, 1901; that she made an engagement with the defendant to meet him on the following Wednesday, the ninth day of January, and that at this time the defendant took her to a Raines Law hotel where she submitted to his desires. This is hardly the character of evidence which ought to be allowed to convict a man in a criminal proceeding; the woman does not appear to have had such an idea of moral integrity as would warrant any one in accepting her own uncorroborated statement in a matter in which she was personally interested, while the evidence in support of the defendant's version of the matter seems entirely probable, and is supported by the weight of evidence. The defendant, while admitting that he has been intimate with the complainant, says that he never met her until the week of March 10 to 17, 1901, and the evidence shows that the complainant, in that week, was located at the home of a friend of the defendant, and that the latter was introduced to the complainant at this place by the friend. The complainant's " lady friend," who was subpœnaed by the People, but who was not called in support of the allegations of the complaint against the defendant, was placed upon the witness stand by the defendant and testified that the complainant had stated to the physician whom she visited during her pregnancy that she did not meet the defendant until March, with other matters which go to support the contention of the defendant. There was evidence that the complainant had lived with one Walters, who went by the name of Clark " for railroad purposes," and that they had been seen together as late as the latter part of January or early in February, 1901, and the " lady friend " testified that the complainant's father and mother believed

her to be married to Clark or Walters. This was supported by the testimony of the janitor of the building where Walters lived, who said that Walters, whom the witness knew as Clark, introduced the complainant to him as his wife. The court, listening to this evidence, adjudged, two to one, that the defendant was the father of the complainant's bastard child, but we are unable to agree in this conclusion, believing that it was against the weight of evidence and that the ends of justice require a reversal.

We are of the opinion that there is no doubt of the jurisdiction of this court on this appeal (*Simis* v. *Alwang*, 61 App. Div. 426), and it hardly seems desirable to enter into a discussion of the constitutional question suggested. Chapter 378 of the Laws of 1897 was in the nature of an amendment of the previous charter of the city of New York, enlarging its boundaries, and it was entirely within the legitimate scope of the legislative powers to make previous provisions of law, in relation to the city of New York, extend over the enlarged territory. (*People ex rel. Stevens* v. *Hayt*, 7 Hun, 39.) We are unable to discover any reasoning in the case of *People ex rel. Golden* v. *Roosevelt* (24 App. Div. 17) which is inconsistent with the conclusion which we have reached on the constitutional question, and conclude that there is no good ground for this court refusing to accept the ·responsibility imposed by the statute of hearing and determining this appeal.

The judgment and order appealed from should be reversed.

All concurred.

Judgment and order reversed.