PEOPLE ex rel. MENDELOVICH v. ABRAHAMS.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. WITNESS—PHYSICIAN—PRIVILEGED COMMUNICATION—STATUTE.

In a proceeding by the people on the relation of the mother of a bastard child against the putative father for an order of filiation, Code Civ. Proc. § 834, forbidding a physician from disclosing any information which he acquired in a professional capacity, and which was necessary to enable him to act in that capacity, does not render a physician incompetent to testify as to whether the mother of the child, prior to its birth, in a consultation with the witness, made a charge against any person as being the cause of her condition.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of Fannie Mendelovich, against Nathan Abrahams. From an order of filiation, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. M. Haviland, for appellant.

Herman Stiefel, for respondent.

McLAUGHLIN, J.   This appeal is from an order of filiation made by the Court of Special Sessions for the First Division in the city of New York adjudging the defendant to be the father of a bastard child, and directing that he pay the sum of $1.25 per week for the support of the child.   I am of the opinion that the order appealed from should be reversed, and a new trial ordered.   The conviction of the defendant rests substantially upon the uncorroborated testimony of the mother of the child, which, taken in connection with her contradictory statements, makes it very uncertain whether justice has been done the defendant.   There have been two trials.   Upon the first trial the mother testified that the alleged act was committed on the 15th of September, 1902.   The result of that trial was an order similar to the one here appealed from.   The child was born on the 15th of May, 1903, and thereafter the Court of Special Sessions vacated the order of filiation, and directed a new trial, presumably on the ground of the unreliability of the mother's testimony.   Upon the second trial the mother testified that the alleged act took place on the 15th of August, 1902, and the only explanation of the change thus made in her testimony was that on the former trial she was mistaken as to the time.   The proceeding is a quasi criminal one, and a defendant ought not to have such a judgment rendered against him except upon testimony which is entirely satisfactory.   The testimony of the mother that the alleged act took place on the 15th of August, 1902, was sought to be corroborated in some respects by the testimony of Dr. Gross, who testified that she consulted him as to her condition on the 19th of August, 1902; that he remembered the date because he made a memorandum of it.   The memorandum, however, was not produced, nor was its absence accounted for.   The defendant, while admitting that he had been intimate with the mother, testified that he never met her until the 15th of October, 1902.   This being the con-

dition of the testimony on both sides, I am of the opinion that the court erred in sustaining the objection to the question put to Dr. Schoenberg. He testified that in 1902 he was a practicing physician, and in September or October of that year the mother of the child had a consultation with him. He was then asked: "In that conversation, did she make any charge against any person as being the cause of her condition at that time?" This was objected to—no ground being stated—the objection sustained, and defendant excepted. It is sought to sustain this ruling upon the ground that the answer was not admissible under section 834 of the Code of Civil Procedure. This section provides: "A person duly authorized to practice physic or surgery  *  *  *  shall not be allowed to disclose any information which he acquired  *  *  *  in a professional capacity and which was necessary to enable him to act in that capacity." The testimony here sought to be elicited was not information acquired by the doctor which was necessary to enable him to act as such. It needs no argument to demonstrate such fact, and its exclusion may have done great injustice to the defendant. He testified that he never met the mother until the 15th of October, 1902. The question called for a statement made by her in September or October of that year, and if she stated to the doctor at that time that some other person than the defendant was the cause of her condition it is possible the court would have reached a different conclusion than it did. In any event, the testimony was admissible, and for the error committed in excluding it a new trial must be had.

The order of filiation is therefore vacated and set aside, and a new trial ordered. All concur; INGRAHAM, J., in result.