### WEBB v. HILL.

#### (Otsego County Court. February 27, 1909.)

1. BASTARDS (§ 65*)—FILIATION PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

Evidence in filiation proceedings *held* insufficient to support an order against defendant.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 154, 175–177; Dec. Dig. § 65.*]

2. BASTARDS (§ 61*) — FILIATION PROCEEDINGS—EVIDENCE—CHARACTER OF DEFENDANT.

In filiation proceedings, evidence of defendant's good character is admissible.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 165, 167, 168; Dec. Dig. § 61.*]

Appeal from Justice Court.

Filiation proceedings by Joseph W. Webb, as overseer of the poor of the town of Roseboom, against Luther D. Hill. From an order of filiation, defendant appeals. Reversed.

Holmes & Waterman, for appellant.
S. W. Barnum, for respondent.

KELLOGG, J. This is an appeal from an order of filiation made by two justices of the peace of the town of Roseboom, adjudging the defendant to be the putative father of a bastard child, of which the complainant is pregnant, and directing him to pay certain sums of money for support of the child, expenses of the expected confinement and recovery, and the costs of arrest.

The question presented here is as to what proof should be required to sustain this order, and what weight should be given to the testimony of the two parties directly interested. The putative mother testified that some time during the latter part of the month of May, 1908, the defendant, who had been in the employ of her father as a hired man from the 1st day of April, in that year, came to her room between 3 and 4 o'clock in the morning, which was upstairs in her father's house, got into the bed where she and two of her sisters, aged five and eight years, respectively, were sleeping, and had such intercourse with her as resulted in her pregnancy; that on a subsequent occasion, and during the latter part of June, the defendant also came to her room, and again had intercourse with her; and that such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

occasions were the only transactions of the kind between herself and the defendant. It appears that upon both of the occasions in question the room of complainant and the one occupied by her father and mother adjoined each other, and were separated by a board partition, and that the room of her three brothers was nearby, and that defendant was at that time sleeping with one of the brothers. Complainant states that her sisters were not awakened, and that the alleged acts were the first and only ever committed by her of such a character with the defendant, or with any other person. It was conceded upon the argument that the child was born, but not alive, on the 17th day of February, 1909. There is no corroborating evidence in the case, simply the additional fact being shown that the mother of complainant noticed a stoppage of the menstrual period the last of May, although the complainant testified that she never mentioned the affair to her father or mother until the following December, and there is no evidence in the case that in any conversation she ever connected the defendant with the most unfortunate affair. It seems almost incredible that either of the transactions in question could have taken place as testified to by the complainant under the circumstances and conditions existing in the house at the time, and the close proximity of so many different persons, including the father and mother.

The defendant denies the alleged acts in each and every particular, and produced six witnesses to testify as to his good character in the community. The defendant also produces three credible witnesses who testified that on two different occasions during the fall of 1908 the complainant stated to them, in response to inquiries made in relation thereto, that the defendant had never had any improper relations with her. It is possible that this was, a natural answer for her to give, but it seriously affects her credibility as a witness, especially in view of the fact that it is solely upon her testimony that the order appealed from must be sustained. It is doubtless true that a defendant may be held upon uncorroborated testimony of a complainant if her story is in all respects worthy of belief, and the evidence of the defendant is conflicting and uncertain. People v. Tripicersky, 4 App. Div. 613,. 38 N. Y. Supp. 696; Simis v. Alwang, 61 App. Div. 426, 70 N. Y. Supp. 580. An order of filiation, however, should not be rendered against the defendant except upon testimony which is entirely satisfactory. People ex rel. Mendelovich v. Abrahams, 96 App. Div. 27, 88 N. Y. Supp. 924.

A conviction resting substantially upon uncorroborated testimony of the mother, which, in connection with her contradictory statements, makes it very uncertain whether justice has been done the defendant, will be reversed. People ex rel. Mendelovich v. Abrahams, supra. The evidence received of the good character of the defendant was competent, irrespective of whether the case is left in doubt or not upon the other proofs. 1 Bishop, Crim. Proc. §§ 1115, 1116; State v. Howell, 100 Mo. 628, 14 S. W. 4. Evidence of good character is also admissible, not only in a case where doubt otherwise exists, but may be offered for the purpose of creating a doubt. People v. Jas-

sino, 100 Mich. 537, 59 N. W. 230; Abbott's Trial Brief Criminal, 635.

After the most careful consideration of the evidence in this case, of the able arguments of counsel, and of the briefs submitted by them, I have reached the conclusion that the order appealed from should be vacated, with costs.

Ordered accordingly.