COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of MARY McNAMEE, Respondent, v. JERRY RYAN, Appellant.

First Department, June 20, 1933.

*Milton W. Sametz*, for the appellant.

*Arthur H. Kerns* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

TOWNLEY, J. The evidence in this record is ample to support the conclusion reached by the trial court and a detailed discussion thereof would serve no useful purpose.

The point has been raised, however, as to the quantum of proof required to support an order in a filiation proceeding in this State and an expression of opinion on this subject is requested in the dissenting opinion below. The courts of this State have laid down the rule that the testimony must be " entirely satisfactory." (See *Drummond* v. *Dolan*, 155 App. Div. 449; *People ex rel. Mendelovich* v. *Abrahams*, 96 id. 27; *Webb* v. *Hill*, 115 N. Y. Supp. 267.) The question is asked whether this phrase requires proof beyond a reasonable doubt, as is required in a purely criminal proceeding, or whether it requires a mere preponderance of proof, such as is

required in civil actions, or whether a quantum of proof greater than a mere preponderance but less than beyond a reasonable doubt is indicated.

The rule requiring proof beyond a reasonable doubt is strictly limited in its application to purely criminal trials and will not be further extended. (5 Wigm. Ev. 472; *Kurz* v. *Doerr*, 180 N. Y. 88; *McInturff* v. *Insurance Co. of N. A.*, 248 Ill. 92; *Blackmore* v. *Ellis*, 70 N. J. L. 264.) A filiation proceeding is merely quasi-criminal in character and the rule requiring proof beyond a reasonable doubt has no application.

Standards stricter than mere preponderance of evidence and yet not so exacting as to eliminate all reasonable doubt are frequent in the law. Instances of these may be found in the requirement of " clear and convincing proof " applied in fraud cases, proceedings involving undue influence, suits to establish lost deeds or wills or to prove reformation. The expression " entirely satisfactory " is similar in meaning.

The reason for the requirement that the proof in a proceeding of this kind should amount to more than a mere preponderance of evidence is obvious upon even a casual consideration of the character of the proceeding. Preponderance of proof only requires that the evidence on one side shall outweigh in probability the evidence offered in contradiction thereof. This rule is adequate and applicable in ordinary civil cases. In filiation proceedings, however, the charge is so easily made and so difficult of satisfactory answer by the defendant and the consequences of conviction are so serious that the courts of this State have set up a somewhat stricter test. We see no reason to attempt further to define the standard than to say that the phrase " entirely satisfactory " does not require proof of the claim beyond a reasonable doubt but does require evidence sufficient to create a genuine belief in the mind of the trier of the facts that the defendant is the father of the child. If that belief is not established because of the contradictory assertions of the witnesses, or for other circumstances, the claimant should be deemed to have failed to establish the charge made.

The order should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MERRELL and MARTIN, JJ., concur; McAVOY, J., taking no part.

Order affirmed, with twenty dollars costs and disbursements.