In the Matter of the Complaint of IRENE COTE, Respondent, against MERLE LONGLEY, the Alleged Father of a Child About to Be Born Out of Wedlock, Appellant.

Fourth Department, June 27, 1934.

*George T. Driscoll,* for the appellant.

*Robert D. Jones,* for the respondent.

EDGCOMB, J. In this filiation proceeding defendant has been found to be the father of complainant's illegitimate child.

A proceeding of this character is quasi criminal in its nature, and while the parentage of the child is not required to be established beyond a reasonable doubt, an order of filiation should never be granted unless the court has examined the evidence with great care, and has become entirely satisfied that the defendant is the guilty party. (*Commissioner of Public Welfare* [*McNamee*] v. *Ryan,* 238 App. Div. 607; *Burke* v. *Burpo,* 75 Hun, 568; *Drummond* v. *Dolan,* 155 App. Div. 449; *People ex rel. Mendelovich* v. *Abrahams,* 96 id. 27.)

Defendant admits that he had illicit intercourse with the complainant on two occasions during the first week of January, 1933. Complainant, on the other hand, says that the first act took place during the first week of January, and fixes the time of the second about two weeks later. The child was born October 21, 1933.

Complainant is a girl of loose character. She admits having had improper relations on several occasions with another man, but fixes the dates at such times that he could not possibly be the father of her child, although complainant's mother charged him with being the author of her daughter's misfortune, and demanded compensation from him.

Carl Longley, a brother of defendant, testified that he had illicit relations with complainant on January 14 or 15, 1933. This the complainant denies, although she admits being in a compromising position with him on that occasion. In view of her conceded lascivious and lustful disposition, it might well be found that, if she had gone as far with her companion on this occasion as she admits, she would have gone further, and permitted him to have had intercourse with her.

The dates of the two occasions when defendant had improper relations with the complainant, therefore, become most important.

Not satisfied with the evidence, and in an effort to fix the dates of these occurrences, the trial court went outside the record, and made certain independent inquiries on his own accord. He asked someone connected with the theatre in Oswego, where the picture which complainant claims she and defendant saw the night when the second act which she testified to took place, was actually run. The trial court also made an independent inquiry of the hospital to ascertain when a Mrs. Hulbert returned home, as fixing the date when the first act occurred.

These witnesses were never produced in court, and defendant was not permitted to hear their testimony, nor to cross-examine them. They were never sworn. Just what information they gave the court, or how it was obtained, does not appear.

Before defendant can be held liable in this proceeding, he is entitled to a fair and open trial; he must be faced with the witnesses who are called to give testimony against him, and must be given an opportunity to cross-examine them, and to defend and protect his rights by attacking the credibility of such witnesses or by controverting their testimony. It is eminently unfair to any party to have a judgment entered against him, when he has had no chance to cross-examine the witnesses upon whose testimony the trier of the facts relies, nor to discredit their evidence. Defendant has never had his day in court. A judgment found under such circumstances cannot stand.

While undoubtedly the trial court was actuated by the best of motives, and by a laudable desire to get at the truth of the controversy, we feel that he stepped wide of the mark, and committed reversible error by going outside the record and making this

independent inquiry. It would establish a dangerous precedent if we allowed this judgment to stand under these circumstances. The guilt of the defendant is by no means so clear or certain that we may overlook this error.

The order appealed from should be reversed and a new trial should be had.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, without costs, and a new trial granted.