COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of SHIRLEY CARR, Respondent, v. HERMAN KOTEL, Appellant.

First Department, March 3, 1939.

*Joseph M. Lonergan* of counsel [*Bogart & Lonergan*, attorneys], for the appellant.

*Sidney B. Schatkin* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

GLENNON, J. We have examined the record in this proceeding and have reached the conclusion that the evidence introduced on behalf of the respondent is not entirely satisfactory within the meaning of the authorities when viewed in the light of the testimony given by the appellant and his witnesses. We are of the opinion, therefore, that the appellant should not have been adjudged to be the father of the child.

Two dates seem to have been uppermost in the mind of the complaining witness. One was on October 2, 1937, when the child was born and the other was on January 5, 1937, the date she claimed the act of intercourse, upon which this proceeding is based, took place. With the exception of those dates the testimony of the complaining witness was exceedingly hazy as to matters which ordinarily should embed themselves in the mind of a woman who committed the acts which she asserts.

We do not believe it necessary, in view of the nature of the case, to detail at length the testimony upon which the prosecution rested. The evidence given by the complaining witness with reference to the use of the name Boyd at the hospital where the baby was born does not ring true. In addition thereto, the events which she claimed occurred on January 5, 1937, seem to be incredible, particularly so when contrasted with the proofs which were offered on behalf of the appellant.

We are mindful of the statement of Presiding Justice JENKS in *Drummond* v. *Dolan* (155 App. Div. 449), where he said: " As the proceeding is *quasi* criminal (*People ex rel. Mendelovich* v. *Abrahams*, 96 App. Div. 27; *sub nom. People ex rel. Commissioner* v. *Abrahams*, 105 id. 498), the evidence of guilt should be entirely satisfactory. (*People* v. *McKay*, 72 App. Div. 527.) Moreover, the charge is so easy to make and so hard to defend that there should be sedulous scrutiny of the record. (*Burke* v. *Burpo*, 75 Hun, 568.) "

In the case of *Commissioner of Public Welfare (McNamee)* v. *Ryan* (238 App. Div. 607), Mr. Justice TOWNLEY, writing for this court, said in part: " The reason for the requirement that the proof in

a proceeding of this kind should amount to more than a mere preponderance of evidence is obvious upon even a casual consideration of the character of the proceeding. Preponderance of proof only requires that the evidence on one side shall outweigh in probability the evidence offered in contradiction thereof. This rule is adequate and applicable in ordinary civil cases. In filiation proceedings, however, the charge is so easily made and so difficult of satisfactory answer by the defendant and the consequences of conviction are so serious that the courts of this State have set up a somewhat stricter test. We see no reason to attempt further to define the standard than to say that the phrase ' entirely satisfactory ' does not require proof of the claim beyond a reasonable doubt, but does require evidence sufficient to create a genuine belief in the mind of the trier of the facts that the defendant is the father of the child. If that belief is not established because of the contradictory assertions of the witnesses, or for other circumstances, the claimant should be deemed to have failed to establish the charge made.''

For the reasons assigned herein the order should be reversed and the proceeding dismissed.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed and the proceeding dismissed.