(February 9, 1945.)

DOROTHY BEAUCLERK, Appellant, v. JOSEPH NYER, Respondent.

*Per Curiam.* In view of defendant's admissions as to his relations with complainant, her counsel should have been afforded ample opportunity to produce the records of the hotels involved. He should also have been permitted reasonable latitude in cross-examining defendant as to the occurrences at these hotels without unnecessary interruption or undue limitation. Upon a new trial there may be a more complete adducement of all pertinent evidence. The order should be reversed and a new trial granted.

CALLAHAN, J. (concurring). Ordinarily in proceedings of the present nature I would be reluctant to interfere with the decision of the trial court on factual issues, especially where, as here, there was some confusion in complainant's testimony concerning material dates. However, I deem that the written exhibits sufficiently support complainant's final testimony to warrant reversal in this instance.

UNTERMYER, J. (dissenting). I find no error in the record warranting reversal of the unanimous determination of the Court of Special Sessions, which, of course, was in a superior position to determine issues of fact and which in this quasi-criminal proceeding was required to decide in favor of the defendant, unless the complainant's testimony, was, in the language of this court, " entirely satisfactory " (*People* v. *McKay*, 72 App. Div. 527; *Commissioner of Public Welfare* [*McNamee*] v. *Ryan*, 238 App. Div. 607; *Commissioner of Public Welfare, City of N. Y.* v. *Kotel*, 256 App. Div. 352). In the present case the testimony of the complainant was not only unsatisfactory but was confusing and contradictory and the testimony of her mother tended to sustain the defense.

There was no error in relation to the hotel records which the complainant had abundant opportunity to produce. A representative of the hotel was present in court under subpœna with the records and was excused by the complainant's counsel. The complainant was accorded full latitude in cross-examination and was only restricted in asking questions which had previously been answered. No exception was taken either with respect to this alleged limitation of cross-examination or with respect to the hotel records. Even more significant is the fact that the appellant's brief does not assert either of these rulings as error nor is reference even made to them.

The order appealed from should be affirmed.

Martin, P. J., Dore and Cohn, JJ., concur in *Per Curiam* opinion; Callahan, J., concurs in separate opinion; Untermyer, J., dissents in opinion.

Order reversed and a new trial ordered.