THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE L. BORNER, Appellant.

Fourth Department, May 7, 1952.

*James A. Hughes* for appellant.

*William H. Earl, Attorney for Niagara County Welfare Commission,* for respondent.

*Per Curiam.* In filiation proceedings, the proof must be "entirely satisfactory" to sustain an order. (*Commissioner of Public Welfare of City of N. Y. v. Kotel,* 256 App. Div. 352;

*Commissioner of Public Welfare of City of N. Y.* v. *Ryan,* 238 App. Div. 607; *Drummond* v. *Dolan,* 155 App. Div. 449.) On this record it is our opinion that the proof is clearly insufficient in quality and quantity to warrant an order adjudging the defendant to be the father of the child. The order awarded counsel fees to the Niagara County Commissioner of Public Welfare. While the father of a child born out of wedlock is liable for expenses of the mother's confinement and recovery, and expenses including counsel fees in connection with her pregnancy (Domestic Relations Law, § 120, as amd. by L. 1947, ch. 154), there was no authority in the instant case to award counsel fees to anyone but the complainant. The Commissioner of Public Welfare was not a party to the proceeding. There was no proof nor any adjudication that the child was a public charge. Had the complainant been a public welfare official, it would have been the duty of the county attorney or corporation counsel to prosecute. (Domestic Relations Law, § 137.)

The order should be reversed on the law and facts and a new trial had.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Order of filiation reversed on the law and facts and a new trial granted, without costs of this appeal to either party.