In the Matter of the Arbitration between P. J. CARLIN CONSTRUCTION COMPANY et al., Appellants, and BARTLEY BROS. CONSTRUCTION CORP., Respondent. — Appeal from an order which denied petitioners' motion (1) to direct that arbitration proceed as provided for in a contract between the parties and (2) to stay all proceedings on the part of respondent and its attorney until arbitration shall have been had. Order reversed on the law, with $10 costs and disbursements, and motion to compel arbitration granted, with $10 costs. On motions of the nature under consideration, the only questions which the court is authorized to consider are: (1) Whether there is in fact a dispute; (2) whether there is a contract to arbitrate, and (3) whether there is a refusal to arbitrate. (*Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76, 80; *Matter of Crosett [Mount Vernon Housing Authority]*, 275 App. Div. 1051.) The dispute asserted by petitioners falls within the matters included in the second sentence of section XXVII of the contract between them and respondent; and they are entitled to have that dispute arbitrated as there provided. Every other issue, whether of fact or law, comprised within the agreement to arbitrate, is within the exclusive jurisdiction of the arbitrators. (*Matter of Lipman [Haeuser Shellac Co.]*, *supra*.) Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

In the Matter of the Application of the CITY OF NEW YORK for the Appointment of the Treasurer of Such City as Receiver of the Rents and Profits of Real Property Known as Section W3, Block 1224, Lot 16, Borough of Richmond. CHARLES I. STANFIELD, Appellant; RACHEL STEIN et al., Respondents.— In a proceeding by a receiver, appointed under the provisions of section 94 of the Tax Law, to settle his account and be discharged, the claimant, Charles I. Stanfield, present owner of the property, appeals from an order directing payment of the surplus in the receiver's hands to the claimants-respondents, former owners, during whose ownership the rents collected by the receiver accrued. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur. [201 Misc. 592.]

In the Matter of LOUIS V. GAZZA, Appellant. HILDA ABELSPIES, Respondent. — Amended order and judgment of the Children's Court, Suffolk County, adjudging paternity and making awards, affirmed, without costs. No opinion. Nolan, P. J., Johnston and MacCrate, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the order and judgment and to dismiss the petition, with the following memorandum: In filiation proceedings, the proof must be " entirely satisfactory " to sustain an order (*Commissioner of Public Welfare* v. *Kotel*, 256 App. Div. 352, 353; *Commissioner of Public Welfare* v. *Ryan*, 238 App. Div. 607; *Drummond* v. *Dolan*, 155 App. Div. 449). On this record, it is our opinion that the proof is clearly insufficient in quality and quantity to warrant an order adjudging the appellant to be the father of the child. [See *post*, p. 865.]