### (October 14, 1952.)

JOSEPHINE DI PAOLO, Respondent, *v.* LEON LANG, Appellant.
Appeal from an order of a Court of Special Sessions of the City of New York, New York County, rendered January 11, 1952, which adjudged defendant to be the father of a child born to complainant on September 30, 1949.
*Per Curiam.* Evidence required to sustain an order of filiation in a proceeding of this character must be entirely satisfactory (*Phillips* v. *Tagliavini,* 275 App. Div. 1037). In *Commissioner of Public Welfare of City of New York* v. *Kotel* (256 App. Div. 352, 353) this court in an opinion by GLENNON, J., said: " We are mindful of the statement of Presiding Justice JENKS in *Drummond* v. *Dolan* (155 App. Div. 449), where he said: 'As the proceeding is *quasi* criminal (*People ex rel. Mendelovich* v. *Abrahams,* 96 App. Div. 27; *sub nom. People ex rel. Commissioner* v. *Abrahams,* 105 id. 498), the evidence of guilt should

be entirely satisfactory. (*People* v. *McKay*, 72 App. Div. 527.) Moreover, the charge is so easy to make and so hard to defend that there should be sedulous scrutiny of the record. (*Burke* v. *Burpo*, 75 Hun, 568.) ' "

Upon the record before us, proof that appellant was the father of the child born on September 30, 1949, was insufficient to meet the tests which have thus been laid down by our courts. Complainant obviously perjured herself either before an Official Referee of the Supreme Court in a divorce proceeding, where she testified that the older child was the issue of the marriage between herself and her husband, or upon this trial, where she testified that appellant was the father of that child.

The order of filiation here depends largely upon the veracity of the testimony of complainant. Her credibility as a witness had been seriously impaired by her admission of false testimony as to the paternity of the older child in the action for divorce. Complainant's statement concerning sexual acts with defendant prior to the birth of the child in question was unsupported. Many items of important evidence adduced by complainant could readily have been corroborated, but were not.

In the circumstances we are of the view that a new trial should be ordered as to the paternity of the child born to complainant on September 30, 1949.

The order appealed from should be reversed and a new trial ordered.

Cohn, Callahan, Van Voorhis and Breitel, JJ., concur in *Per Curiam* opinion; Dore, J. P., concurs in result.

Order reversed and a new trial ordered.