Harold A. Stevens, J.
This is an application to stay arbitration proceedings demanded by respondents. The arbitration clause in the contract involved (par. 12) is phrased in broad comprehensive language. It embraces “ any difference, claim or matter in dispute arising between or among them out of this agreement or connected herewith ’ ’. It seems clear, by the language used, that the parties intended to dispose of all of their disputes by arbitration. This should be enforced (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36). There is no dispute presented as to the making of the contract. Petitioners seek to interpret the terms of the arbitration clause, and the intent of the parties under the contract, to a holding that the matters in dispute are not arbitrable. Since the papers disclose that there is a dispute, that there is a contract to arbitrate, and a refusal to arbitrate, the matters of fact and of law and issues are all within the exclusive jurisdiction of the arbitrators (Matter of Crosett [Mt. Vernon Housing Auth.], 275 App. Div. 1051; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80; Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N .Y. 199; Matter of Spectrum Fabrics Corp. [Main St. Fabrics], 285 App. Div. 710, affd. 309 N. Y. 709; Matter of Carlin Constr. Co. [Bartley Bros. Constr. Corp.], 280 App. Div. 801, affd. 305 N. Y. 784).
Petitioners’ application to stay arbitration proceedings is therefore denied. Settle order.