■ In the Matter of JACQUELINE SPERRY, Respondent, against CHARLES B. HALLOCK, Appellant.— Order affirmed, without costs of this appeal to either party. All concur, except Kimball and Williams, JJ., who dissent and vote

for reversal and for dismissal of the proceeding in the following memorandum: In this proceeding, pursuant to the provisions of article 8 of the Domestic Relations Law, the appellant was held to be the father of a child born out of wedlock to the complainant on February 1, 1956. The complaint was made by the then prospective mother on August 17, 1955 alleging that she was pregnant by the appellant. For some unexplained reason, no hearing of the matter was had until July 9, 1956. The determination was made on January 21, 1957. The order of filiation is based solely upon the uncorroborated testimony of the complainant. She was 26 years of age and had formerly been married. Her way of life was closely connected with taverns and bars. There is testimony that she stated that the appellant was not the child's father. Although she had discussed her pregnancy with her sister-in-law many times, the latter was not called to testify. Neither the physician whom she first consulted when she thought she was pregnant nor the one who attended her at the birth was a witness. We have only the complainant's statement as to when she became pregnant and are not informed whether the child was full time or premature. The statement under rule 234 of the Rules of Civil Practice sets out that a blood test examination on May 3, 1957, did not exclude paternity of the appellant. The date is apparently in error since the filiation order was made on January 21, 1957. In any case, the record before us discloses nothing in regard to blood grouping tests pursuant to section 126-a of the Domestic Relations Law. It is our opinion that the complainant failed to sustain the burden of proof placed upon her by law. In these proceedings, the proof required is more than a preponderance of the evidence. The charge is easy to make and difficult to defend. (*Commissioner of Public Welfare* v. *Kotel,* 256 App. Div. 352; *Commissioner of Public Welfare* v. *Ryan,* 238 App. Div. 607; *Matter of Cote* v. *Longley,* 241 App. Div. 539.) Where the case rests upon the uncorroborated testimony of the complainant her credibility must be closely examined. (*Di Paolo* v. *Lang,* 280 App. Div. 916; *People* v. *Ruggiero,* 275 App. Div. 726; *Matter of Wickham* v. *Barbera,* 279 App. Div. 953.) The evidence falls short of that quality and certainty required in a matter of this nature. The order should be reversed and the proceeding dismissed. (Appeal from an order of Onondaga Children's Court, adjudging defendant to be the father of the child of complainant and directing that he pay for its support.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.