■ EVA LOZANO, Respondent, v. SIDNEY PLATT, Appellant.— Order of filiation entered on May 17, 1962 reversed on the law and the petition dismissed. The infant, with whose paternity defendant is charged, was born in April 1956. Thereafter a proceeding was instituted by the Welfare Department against this defendant, based on a complaint signed by this complainant dated July 30, 1957. That proceeding was never prosecuted to completion. The reason therefor is not apparent nor explained. This proceeding is based upon a complaint signed October 27, 1961, in which complainant again charges that defendant is the father of the infant. At the time of the hearing the complainant was pregnant but it is not claimed that this defendant is the father. On the contrary, complainant asserted that another person was the father. The record fails to satisfy us that either party was completely frank or truthful in their testimony. The evidence of paternity, taken as a whole, is not " entirely satisfactory" and thus does not meet the required standard of proof (*Commissioner of Welfare* v. *Ryan,* 238 App. Div. 607; *Commissioner of Welfare* v. *White,* 14 A D 2d 849). Concur — Botein, P. J., Breitel, Rabin and Stevens, JJ.; McNally, J., dissents in the following memorandum: Complainant, a 33-year-old unmarried private nurse at the time of trial, met defendant in 1955 while she was purchasing a radio in a store in which defendant was employed as a salesman. Their meretricious relationship lasted from shortly after they met until some 10 months later when a child was born. Immediately after the birth of the child complainant had defendant's name recorded as the father of the child and communicated with defendant. Complainant alleges defendant threatened her with violence and deportation, she being an alien. Defendant's blanket denial of any intimate relations with complainant is discredited. He admits the purchase of a radio by complainant at his employer's store wherein he was employed as a salesman; the purchase of a watch by complainant in said store; and his ownership of the motor vehicle wherein complainant alleges they had intercourse, albeit there was some dispute about the color of the vehicle. In my opinion the record sustains the adjudication. Accordingly, I dissent and vote to affirm.

■ MEYER S. ROSENTHAL, Individually and as Executor of FANNIE W. ROSENTHAL, Deceased, et al., Respondents, v. LANGGUTH-OLSON COMPANY, INC., Appellant.— Judgment awarding plaintiffs judgment in the sum of $110,293.90 unanimously reversed, on the law and on the facts, and the complaint dismissed, without costs. The provision in the agreement under which plaintiffs claim to be entitled to recover a portion of the reserve set up for taxes is related to an involuntary prospective change in the method of reporting income from cash to accrual basis imposed upon the corporation by the action of the Treasury Department. The complaint alleges that the Treasury Department has determined not to require a change and the answer admits this allegation. Therefore, under the provisions of the agreement plaintiffs are not entitled to recover because of failure to allege or prove that the corporation was obliged to change from the cash to accrual basis consequent on the action of the Treasury Department. This disposition is without prejudice to any action plaintiffs may be advised to bring to recover the contract interest, for reformation of the contract or for any other legal or equitable relief. Concur — Botein, P .J., Breitel, Rabin, McNally and Steuer, JJ.