890

■ PEGGY FRIEDMAN et al., Appellants, v. JACK ALLEN et al., Respondents. — In an action to recover damages for injury to person and property, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated May 1, 1964, which denied their motion to restore the action to the Trial Calendar. The action had been "marked off" by reason of plaintiffs' failure to appear at a Pretrial Calendar call. Order modified so as to provide that the denial of the motion is without prejudice to renewal upon proper papers supported by a statement of readiness and an affidavit showing the merits of the action, as required by the rules of this court (pt. 7, rule V). As so modified, the order is affirmed, without costs. On this record, we believe plaintiffs would have been entitled to restoration of the action to the Trial Calendar had their moving papers been supported by a proper statement of readiness and an affidavit of merits, as required by rule V of part 7 of the rules of this court. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ SAMUEL GOLDBERG, Respondent, v. LEE W. RIVERS, JR., as Administrator of the Estate of VIVIAN K. RIVERS, Deceased, Appellant.— In an action to recover damages for injury to person and property, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered November 26, 1963 after trial upon a jury's verdict, as awarded $12,500 to plaintiff for the personal injury. Defendant's only contention is that such award is excessive. Judgment, insofar as appealed from, reversed on the facts; cause of action for personal injury severed; and a new trial granted as to such cause of action, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $8,500 the amount of the verdict in his favor upon said cause of action for personal injury, and to modify the judgment accordingly. If such stipulation be served and filed, the judgment, as thus reduced and modified, and insofar as appealed from, is affirmed, without costs. In our opinion, the evidence shows that, as a result of this accident, plaintiff suffered an aggravation of a long pre-existing back condition and that this condition was not a new injury. In view of this fact and in view of the paucity of special damages and the absence of any medical treatments since plaintiff's discharge by his doctor eight months after the accident, the jury's assessment of the damages was excessive at least to the extent indicated. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of SALLY A. BAUMGARTEN, Appellant, v. GILBERT DAVID, Respondent.— In a paternity proceeding under former article VIII (§ 119 et seq.) of the Domestic Relations Law, the petitioner appeals from an order of the Family Court, Westchester County, entered June 28, 1963 upon the court's decision and opinion after a nonjury trial, dismissing the complaint. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan and Hopkins, JJ., concur; Hill, J., dissents, and votes to reverse the order and to direct an order of filiation against the respondent, with the following memorandum: In my opinion, under all the circumstances disclosed in the instant record, the petitioner sustained the required burden of proof by "entirely satisfactory" evidence as defined in numerous cases (see, e.g., Commissioner of Public Works [McNamee] v. Ryan, 238 App. Div. 607, 608; Commissioner of Public Welfare of City of N. Y. v. Kotel, 256 App. Div. 352). Hence, a finding and order of filiation against the respondent should have been made.