864

■ In the Matter of BARBARA BOHR, Respondent, v. ALLEN JONES, Appellant.— In a paternity proceeding, the alleged father appeals from an order of filiation and support, made by the Family Court, Rockland County, entered December 16, 1964. Order reversed on the law and the facts, without costs, and a new trial ordered. In our opinion, the finding that the appellant is the father of the child born to the petitioner is not supported by "entirely satisfactory" evidence (cf. *Commissioner of Public Welfare of City of N. Y.* v. *Ryan*, 238 App. Div. 607; *Drummond* v. *Dolan*, 155 App. Div. 449; *Commissioner of Public Welfare of City of N. Y.* v. *Kotel*, 256 App. Div. 352; *Matter of Brown* v. *Labus*, 19 A D 2d 554). Under all the circumstances, however, petitioner should be afforded the opportunity to present more satisfactory evidence, if available to her. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.

■ In the Matter of CONRAD EMBERGER, Deceased. EDWARD A. BRODERICK, as Administrator of the Estate of ELIZABETH EMBERGER, Deceased, Appellant; HELEN EKLUND, as Trustee, et al., Respondents.— In a proceeding to settle the account of testamentary trustees, the objectant appeals from so much of an order of the Surrogate's Court, Queens County, entered April 23, 1965, as granted the trustees' motion and dismissed paragraphs 3, 4, 5 and 9 and parts of paragraphs 6 and 8 of the objections. Order, insofar as appealed from, reversed, with costs to all parties filing separate briefs, payable out of the trust, and motion denied in its entirety. The Surrogate apparently struck out certain of the objections, as aforesaid, on the ground that the same were irrelevant, as contended by the trustees. Since the advent of the CPLR, however, which is applicable to the Surrogate's Court (CPLR 101; Surrogate's Ct. Act, § 316), a motion does not lie to strike out parts of a pleading for mere irrelevancy, as it formerly did under rule 103 of the Rules of Civil Practice. Now the only ground for a motion to strike is that there is "scandalous or prejudicial matter unnecessarily inserted in a pleading." (CPLR 3024, subd. [b].) The allegations of the objections are neither scandalous nor prejudicial, and respondents do not contend otherwise. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of CONRAD EMBERGER, Deceased. EDWARD A. BRODERICK, as Administrator of the Estate of ELIZABETH EMBERGER, Deceased, Appellant; HELEN EKLUND, as Trustee, et al., Respondents.— In a proceeding to settle the account of testamentary trustees, the objectant appeals from so much of an order of the Surrogate's Court, Queens County, entered April 23, 1965, as: (1) denied his motion to compel Helen Eklund, one of the trustees, to answer questions relative to the incompetency of Elizabeth Rosemary Emberger, the deceased life tenant; and (2) directed that Helen Eklund be examined with respect to "all other material issues of the accounting proceeding". Appeal dismissed, without costs. The order appealed from, formalizing rulings made in the course of an examination before trial, is not appealable (*Hall* v. *Wood*, 5 A D 2d 998; *Oppenheimer* v. *Duophoto Corp.*, 271 App. Div. 1005). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.