## (March 8, 1968)

■ In the Matter of WILLIAM MORRIS, as Commissioner of Public Welfare of the Fulton County Welfare District, Respondent, v. SEYMOUR "WHITE", JR., Appellant.* — MEMORANDUM BY THE COURT. Appeal from an order and judg-

---

\* Name used herein is fictitious for the purpose of publication.

ment, in a filiation proceeding, adjudging the respondent-appellant to be the father of two children and directing support payment. While it is alleged by the appellant that the petition is legally insufficient, a reasonable reading thereof, in our opinion, sufficiently sets forth the sources of petitioner's knowledge, as well as the grounds of his belief. It seems readily apparent that the petitioner, Commissioner of Public Welfare, received his information from the mother of the children. The peculiar nature of these proceedings does not demand the particularity that might be required in some other form of proceeding. These types of action are *sui generis* and must be governed by their own peculiar circumstances. The dissenters conclude that the proof does not meet the required standards but, in our opinion, the testimony in the record is sufficient to be "entirely satisfactory evidence" to sustain the finding of the Judge of the Family Court. Order and judgment affirmed, with costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur in memorandum by the court. Aulisi and Staley, Jr., JJ., dissent and vote to reverse and dismiss the petition, in a memorandum by Aulisi, J. Aulisi, J. (dissenting). I am unable to agree with the majority. Petitioner, Commissioner of Public Welfare for Fulton County, charged respondent-appellant to be the father of two children born on February 15, 1964 and September 4, 1966. Respondent-appellant was not married to the mother of said children and she was at the time of both births married to another. Respondent-appellant contends that the evidence fails to sustain the judgment of paternity. I am constrained to agree. It has long been recognized that such a charge is easily made and hard to defend (*Burke* v. *Burpo,* 75 Hun 568) and the presumption of legitimacy is one of the strongest in the law (*Matter of Findlay,* 253 N. Y. 1). The evidence required to establish paternity must be entirely satisfactory and be more than preponderant (*Matter of Morris* v. *Canfield,* 19 A D 2d 942; *Commissioner of Public Welfare of City of N. Y.* v. *Kotel,* 256 App. Div. 352). I find upon the record here that the evidence is less than satisfactory. Suffice it to say that there was a valid marriage at the time of both births, that this proceeding was not commenced until over two and one-half years after the first birth which was designated on the birth certificate as legitimate, and there is conflicting testimony of the marriage partners as to the commencement of relations between them. Additionally, the mother testified that she never discussed the birth of either child with respondent-appellant at any time nor did he ever talk it over with her; that he never paid any of the bills with regard to the birth of each child nor ever gave her any money. It was only after the mother was asked on direct examination "Did he ever admit to you that he was the father of these children" that she answered "he said that he was Barbara's father". Moreover, it seems most unusual that she would not speak to appellant when she became pregnant and that she ended relations with him almost immediately after becoming pregnant, with no explanation in either case. Since, in my opinion, the proof is not entirely clear and convincing of respondent-appellant's responsibility, the petitions should be dismissed (*Matter of Black* v. *Brown,* 27 A D 2d 683; *Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163).