■    In the Matter of ANTOINETTE D., Respondent, v CHRISTOPHER M., Appellant.—In a paternity proceeding, the appeal is from an order of the Family Court, Dutchess County, dated March 5, 1973, which, after a hearing, *inter alia,* adjudicated appellant to be the father of a female child born to petitioner. Order affirmed, without costs or disbursements. Petitioner and appellant appeared at the hearing on March 5, 1973 without attorneys; petitioner's attorney was ill and appellant insisted that he wished to proceed without an attorney to avoid legal expense and further delay. The Family Court read the petition to appellant, advised him of his rights and asked what he wished to do. Appellant promptly admitted that he was the father of the child and stated that he wished no adjournment and that he wanted the matter to be heard "now". The Family Court proceeded to examine petitioner under oath to ascertain whether her petition—a mere pleading—was supported by evidence which was "entirely satisfactory" (cf. *Matter of Bohr v Jones,* 24 AD2d 864) and "clear and convincing" (see *Matter of Irma N. v Carlos A. F.,* 46 AD2d 893). The Family Court properly declined, under the circumstances of this case, to rely upon appellant's admission that he was the father (see *Matter of Howard v Robinson,* 32 AD2d 837), and proceeded to ascertain whether his admission was voluntarily and intelligently made. It is highly tortured and without basis in fact or in law to argue that, by this conduct, the Family Court unlawfully permitted petitioner (while represented by an absent attorney) to conduct her own case (see CPLR 321), that it unlawfully conducted the case for her, as her attorney, and that it otherwise injected itself into and dominated the hearing. The hearing was conducted in a fair and impartial manner and the rights of appellant were protected throughout. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.